**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1651

KOMI OFORI,

Plaintiff, Appellant,

v.

RUBY TUESDAY, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Komi Ofori on brief pro se.
Cornelius R. Heusel and Jones, Walker, Waechter, Poitevent,
Carrére and Denégre, L.L.P. and Jennifer L. Parent and McLane,
Graf, Raulerson and Middleton, Professional Association on brief
for appellee.

November 17, 2006

**Per Curiam**.    This appeal follows the denial of pro se appellant Komi Ofori's motion for "clarification" of his earlier, unsuccessful motion for reconsideration of the district court's decision granting summary judgment for his former employer, Ruby Tuesday, Inc.  Because Ofori's notice of appeal is untimely as to both the district court's January 27, 2006 summary judgment decision, as well as the district court's February 21, 2006 denial of his first motion to reconsider, we review only the denial of Ofori's second post-judgment motion.

Eight days after the district court entered summary judgment for Ruby Tuesday dismissing each of Ofori's race and national origin discrimination claims, Ofori filed a one-paragraph motion for reconsideration which argued that Ruby Tuesday "falsified" its "issues to support their[] legitimate defenses to the Honorable Court."  This motion failed to identify any error of law or fact in the court's summary judgment decision.  Because this motion was filed within ten days of entry of final judgment, it is properly viewed as motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  Under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, the filing of this Rule 59(e) motion suspended the time for appealing the underlying summary judgment decision until such time as the court disposed of the motion.  Aybar v. Crispin-Reyes, 118 F.3d 10, 14 (1st Cir. 1997), cert. denied, 522 U.S. 1078 (1998).

The district court summarily denied the motion on February 21, 2006. A week later, Ofori filed a three-page pleading titled "Clarification," in which he explained in more detail the basis for his original request for reconsideration. Because this pleading was filed more than ten days after the entry of final judgment, it is properly viewed as arising under Rule 60(b) of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(a)(4)(A). Rule 60(b) motions do not affect the time for appealing from the final judgment. Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir.), cert. denied, 513 U.S. 1015 (1994). The district court summarily denied this motion on March 6, 2006.

Ofori filed his notice of appeal on March 27, 2006. It is timely only as to the March 6, 2006 denial of Ofori's second post-judgment motion. Construing this second motion as arising under Rule 60(b), Ofori could only prevail in setting aside the original judgment if he could show "exceptional circumstances" entitling him to "extraordinary relief." Rodriguez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 3 (1st Cir. 1989) (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)). Ofori's "Clarification" fails to meet this exacting standard. "We have made it transparently clear that relief under Rule 60(b) is 'extraordinary in nature'" and that "motions invoking the rule should be granted sparingly." Cintron-Lorenzo v. Departmento de

Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002) (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

After careful review of the pleadings, it is clear that the district court properly exercised its discretion in denying Ofori's motion. Each of the arguments presented in the "Clarification" was previously presented to and fully considered by the district court. Ofori attempts to reargue the facts, but simple disagreement with the court's decision is not a basis for reconsideration. "[W]e recognize the district court's 'intimate, first-hand knowledge of the case,' and, thus, defer broadly to that court's informed discretion." Cintron-Lorenzo, 312 F.3d at 527 (quoting Karak, 288 F.3d at 19).

Insofar as Ofori's appeal seeks review of the January 27, 2006 entry of summary judgment dismissing the case or the denial of his first motion for reconsideration, it is dismissed for want of appellate jurisdiction. The order of the district court denying Ofori's second motion for reconsideration is **affirmed**.