# United States Court of Appeals
## For the First Circuit

No. 06-1456

MARY FLOR MORÓN-BARRADAS,

Plaintiff, Appellant,

v.

DEPARTMENT OF EDUCATION OF THE COMMONWEALTH OF PUERTO RICO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Torruella and Lynch, Circuit Judges,
and DiClerico, Jr.,[*] District Judge.

Diana Lynn Pagán-Rosado, with whom Brown & Ubarri was on brief, for appellant.
Irene S. Soroeta-Kodesh, Assistant Solicitor General, with whom Salvador J. Antonetti-Stutts, Solicitor General, and Mariana D. Negrón-Vargas, Deputy Solicitor General, were on brief, for appellee.

May 24, 2007

---

[*] Of the District of New Hampshire, sitting by designation.

**TORRUELLA**, <u>Circuit Judge</u>.  This appeal arises from the district court's entry of summary judgment against plaintiff-appellant Mary Flor Morón-Barradas ("Morón").  Morón charged defendant-appellant Department of Education for the Commonwealth of Puerto Rico ("DOE") with discrimination and retaliation under Title VII based on its failure to hire her for a teaching position and its failure to issue her a teaching certification for which she claims she was qualified.  After careful consideration, we affirm.

## I. <u>Background</u>

### A. Marketing Teacher Position

In or around February 1999, the DOE announced an immediate opening for a marketing teacher at the Juan Suárez Pelegrina Secondary School in Aguadilla.  Although none of the applicants held a teacher's license, the DOE awarded Morón, the most qualified applicant, the three-month contract.

In August 1999, the DOE announced the opening of the same position for the upcoming 1999-2000 school year.  Morón applied again, but the DOE hired another applicant, Milagros Blázquez.  Morón filed a petition for reconsideration with the DOE, challenging Blázquez's qualifications and arguing that she, Morón, was the more qualified candidate.  The DOE denied her petition in March of 2000.

On May 25, 2000, Morón filed an appeal of the DOE's decision with the Public Education System Appeals Board ("JASEP,"

for its Spanish acronym).  JASEP denied the appeal on April 3, 2003, concluding that Morón was not qualified for the position and that Blázquez was the more qualified applicant.  Móron then sought judicial review before the Puerto Rico Court of Appeals, which affirmed JASEP's decision.[1]  Flor v. Departamento de Educación, No. KLRA 03-00361, 2004 WL 1801975 (P.R. Cir. May 28, 2004).  Móron did not appeal this decision.

## B. Certification

Meanwhile, on February 25, 2000, Morón filed an application with the DOE for a Marketing Education Teaching Certificate, believing that she had met all the requirements.  On April 5, 2000, she received a letter from the DOE stating that she had not fulfilled all the requirements to qualify for certification.  Morón then asked the DOE's Certification Division to review her qualifications.  On August 7, 2001, the Certification Division informed Móron that she lacked five credit hours of marketing courses to qualify for the certificate.  On August 20, 2001, Morón again requested the Certification Division to reevaluate her qualifications.  The Director of the Certification

---

[1]  JASEP had concluded that Blázquez was qualified for the position because she had a "regular teaching certificate."  By the time of Morón's appeal to the Court of Appeals, the DOE admitted that it had erred in determining that Blázquez had the required certificate, but the court agreed with the DOE that Blázquez was nonetheless more qualified than Morón.

Division responded that the Division would not intervene because Morón's case was pending before JASEP.

On May 19, 2003, the Certification Division issued a new evaluation of Morón's certification application,[2] determining that she had met all but the occupational experience requirement for certification, although one of her required tests had expired since her initial application. The Division's determination was based on the fact that it could not verify her occupational experience because the business in question "did not exist or had shut down." In addition, the Division noted "discrepancies in years and schedules of service" in Morón's submitted documents.

## C. EEOC Charge

On April 12, 2000, after the DOE denied her application for reconsideration of the hiring decision and failed to issue her certification, Morón filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") against the DOE, alleging national origin, age, and disability discrimination. She claimed that she is Venezuelan and that the 1999-2000 marketing teacher position had been given to a younger, less qualified Puerto Rican. She also claimed that her rejection occurred only after the

---

[2] JASEP's April 3 order in Morón's appeal of the DOE's hiring decision directed the DOE's Certifications Division to evaluate Morón's file and "if it finds that she does meet the requirements for a regular teaching certificate, that the same be conferred on her retroactively to the date when she first qualified for the certificate."

DOE hired her for the previous three-month contract and thereby learned of her partial disability.  Morón later amended her charge to include retaliation.

Because the DOE never responded to Morón's charge, the EEOC issued a reasonable cause determination on August 7, 2001, see 29 C.F.R. § 1601.21, offering to initiate a conciliation process between the parties, see id. § 1601.24.  When conciliation failed, the EEOC issued Morón a "right to sue" letter dated September 4, 2001.  See id. § 1601.28.

## D. District Court Proceedings

On May 17, 2004, Morón filed an amended complaint in the United States District Court for the District of Puerto Rico, claiming national origin discrimination with respect to the DOE's failure to hire her for the 1999-2000 marketing teacher position and its subsequent failure to certify her.[3]  She also included a retaliation claim, in relation to her EEOC charge.

The DOE filed a motion for summary judgment on November 5, 2004, and simultaneously filed a motion for an extension of time to file English translations of its exhibits, including the Puerto Rico Court of Appeals decision against Morón (the "Court of Appeals decision").  The DOE filed all the English

---

[3]  The history of this case prior to May 17, 2004 is not relevant to the disposition of this appeal.

-5-

translations by the court-imposed deadline, except for the Court of Appeals decision.

On November 19, 2004, Morón filed a motion for an extension of time until December 14 to file her opposition to the DOE's motion for summary judgment. The district court granted her until December 8. As of December 30, Morón had not yet filed her opposition, prompting the DOE to file a motion to adjudicate its unopposed motion for summary judgment.

On January 10, 2005, Morón requested another extension of time, until January 14, to file her opposition, citing her attorney's heavy case load. Morón then filed her opposition on January 14, thirty-seven days late.

On April 7, 2005, the DOE filed an "emergency" motion to adjudicate its unopposed motion for summary judgment and a motion requesting that the district court consider its attached exhibit, the Puerto Rico Court of Appeals decision, in Spanish. The district court declined to consider the exhibit in Spanish, and on April 11 ordered the DOE to provide an English translation by April 25, which the DOE did. On April 13, Morón filed a motion requesting that the district court reconsider its April 11 order and strike the DOE's emergency motion and accompanying motion to consider the exhibit in Spanish. The district court denied Morón's motion.

On May 3, 2005, the district court granted summary judgment in favor of the DOE. Morón Barrada v. Dep't of Educ., 368 F. Supp. 2d 137, 140 (D.P.R. 2005). The court refused to consider Morón's untimely opposition, and accordingly "accept[ed] as true all material facts set forth by defendant with appropriate record support." Id. at 142. The court concluded that (1) Morón's claim that the DOE failed to hire her for the 1999-2000 marketing teacher position on account of her national origin was barred by res judicata and collateral estoppel; (2) Morón failed to establish a prima facie case of national origin discrimination in relation to the DOE's failure to certify her because she was not qualified for the certificate; and (3) Morón failed to establish a prima facie case of retaliation because there was no evidence that the DOE's refusal to grant her certification was causally connected to her filing of the EEOC charge.

Morón filed a motion to amend the judgment, and also requesting relief from judgment, on May 17, 2005. She included two "new" pieces of evidence: (1) a letter dated April 22, 2005, from the DOE to Morón's attorney, indicating that the DOE had decided to accredit Morón's occupational experience, and that she had therefore fulfilled all the requirements for certification, other than one expired test,[4] and (2) handwritten notes from a DOE

---

[4] Morón admits that she received the letter on April 27, 2005, six days prior to the entry of summary judgment.

personnel record obtained on May 10, 2005 by Morón's attorney through discovery in another case, stating that the DOE needed only to verify Morón's occupational experience to complete approval of her certification. Morón argued that the district court should vacate its determination that she was not qualified to receive the teaching certificate because the new evidence demonstrated that she was qualified from the time of her original application, since the DOE relied on the same evidence that Morón originally submitted.

On July 15, 2005, Morón filed a supplemental motion for reconsideration, including additional "new" evidence in support of her claims: a May 2, 2005 JASEP order directing the DOE to submit the results of its evaluation of Morón's qualifications for certification, and the DOE's responding motion in compliance with the order, reiterating the content of its April 22, 2005 letter to Morón.

The DOE filed a motion for an extension of time to file an opposition to Morón's supplemental motion for reconsideration on July 29, 2005, citing its attorney's "overwhelming workload." Without an answer from the district court, the DOE filed the opposition on August 23, at least twenty-one days late.[5] Morón filed a motion to strike the opposition, which the district court denied.

---

[5]  Morón states that the opposition was due on August 2, whereas the DOE implies that it was due on July 29.

Finally, on January 19, 2006, the district court denied Morón's motion to alter the judgment and supplemental motion for reconsideration.

## II. Discussion

Morón challenges the district court's entry of summary judgment in favor of the DOE on all her claims and the court's denial of her motions for reconsideration and relief from judgment. Morón also disputes the district court's refusal to consider her untimely opposition to the DOE's motion for summary judgment, while at the same time accepting three of the DOE's late filings: (1) its emergency motion to adjudicate its summary judgment motion; (2) the certified English translation of the Court of Appeals opinion in Flor, 2004 WL 1801975, affirming JASEP's conclusion that Morón was not qualified and that Blázquez was better qualified for the marketing teacher position; and (3) its second response in opposition to Morón's motions for reconsideration.

### A. Untimely Filings

Morón does not dispute that the district court has the discretionary authority to consider a motion for summary judgment unopposed when the non-moving party does not timely file an opposition. See Pérez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533-34 (1st Cir. 2006). Rather, she argues, inter alia, that it was unfair for the district court to refuse to consider her untimely opposition while at the same time accepting the DOE's late filings.

-9-

Id. at 534 ("Normally, we will not disturb a district court's decision to consider a summary judgment motion unopposed because a party has missed the deadline for filing an opposition[,] . . . [but w]e have granted relief when the appealing litigant was reasonably surprised by the deadline or the action of the court, or the events leading to the contested decision were unfair."). However, even considering Morón's opposition, and consequently not taking as true the DOE's statement of facts, there is no evidence to support Morón's claims of discrimination or retaliation, as discussed in detail below. Thus, we need not reach Morón's argument that the district court abused its discretion in refusing to consider her untimely opposition.

With the unfairness issue set aside because Morón's opposition does not help her case, Morón offers no other argument that the district court abused its discretion in accepting the DOE's allegedly late filings. See Fed. R. Civ. P. 6(b); McIntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995) ("The administration of filing deadlines is a matter of case management that comes within the district court's discretion.").

## B. Summary Judgment

Morón argues that contrary to the district court's conclusions, (1) her claim of discrimination in the DOE's hiring decision is not barred by res judicata or collateral estoppel, (2) she was qualified for both the marketing teacher position and the

-10-

teaching certificate, and (3) the temporal proximity of her EEOC charge and the DOE's failure to issue her certification indicates that the two events are causally connected for purposes of her retaliation claim.

We review a grant of summary judgment de novo, viewing the record in the light most favorable to the non-moving party. DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005). We will affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

For purposes of our review, we will look to the full summary judgment record, as if the district court had considered Morón's untimely opposition, because it does not change our conclusion that the DOE is entitled to summary judgment on all claims.

## 1. Discrimination in Hiring Decision

To establish a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Morón must show that (1) she is a member of a protected class, (2) she applied and was qualified for the marketing teacher position, and the DOE (3) rejected her and (4) hired someone with similar or lesser qualifications. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sinai v. New Eng. Tel. & Tel. Co., 3 F.3d 471, 474 (1st Cir. 1993). The DOE argues that Morón is

collaterally estopped from relitigating whether she was qualified for the position or whether the DOE hired a similarly or less qualified applicant, because the Puerto Rico Court of Appeals affirmed the administrative agency's findings against her on these issues. See Flor, 2004 WL 1801975. We agree.

Under 28 U.S.C. § 1738, federal courts must give the same effect to a state or territory judgment as the issuing jurisdiction would. See Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000). The rules of preclusion apply equally to judicially reviewed administrative agency decisions, such as Flor. Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). Under Puerto Rico law, res judicata applies when there is "the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." P.R. Laws Ann. tit. 31, § 3343. Puerto Rico courts have interpreted the statute to permit issue preclusion, or collateral estoppel, as well, even when identity of causes is lacking. Texaco P.R., Inc. v. Medina, 834 F.2d 242, 245-46 (1st Cir. 1987) (citing A & P Gen. Contractors, Inc. v. Asociación Caná, Inc., 10 P.R. Offic. Trans. 984, 996 (1981)).

In order for collateral estoppel to apply here, Morón and the DOE must have actually litigated the facts in question, and those facts must have been essential to a valid and final judgment in a prior action. See Felix Davis v. Vieques Air Link, 892 F.2d 1122, 1124-25 (1st Cir. 1990) (citing, inter alia, Pereira v.

Hernández, 83 P.R. 156, 161 n.7 (1961), and A & P Gen. Contractors, 10 P.R. Offic. Trans. 984). In Flor, 2004 WL 1801975, the Puerto Rico Court of Appeals agreed with JASEP's conclusion that Morón was not qualified for the teaching position, and that the teacher chosen to fill the position was more qualified than Morón. Both parties fully and fairly litigated the issues in that case,[6] the facts of Morón's and Blázquez's qualifications were essential to the judgment that the DOE properly hired Blázquez rather than Morón, and Flor is final and unappealable. Therefore, we are bound by the Puerto Rico court's factual determinations.

Morón responds that her case is analogous to Thomas v. Contoocook Valley Sch. Dist., 150 F.3d 31 (1st Cir. 1998), and that therefore, as in that case, we should not apply the standard presumption of preclusion. In Thomas, a school board had made two findings regarding the school's nonrenewal of the plaintiff teacher: (1) that the teacher was terminated due to her poor performance and (2) that her disability had no bearing on the school's decision. Id. at 35. The reviewing state agency upheld the finding of poor performance as not arbitrary or capricious, but also found that there was insufficient evidence on which to decide whether there was any disability discrimination. Id. at 36-37.

---

[6] Morón does not argue that she did not have a full and fair opportunity to litigate the factual issues of her and Blázquez's qualifications, and we see no evidence in the record to the contrary.

-13-

The agency then referred the discrimination issue to a state human rights commission. Id. The agency's bifurcated decision was summarily affirmed, without explanation, by the New Hampshire Supreme Court. Id. at 37.

Based on Thomas's particularly "unusual" circumstances, we denied preclusive effect to the administrative agency's conclusion, affirmed by the New Hampshire Supreme Court, that the teacher's termination was due to her poor performance. Id. at 39-40. First, we determined that under New Hampshire law, the non-renewal proceedings before the school board did not preclude separate review of a discrimination claim before the human rights commission. Id. at 41-42. Such law does not exist in Puerto Rico.

Second, we concluded in Thomas that the precise issue before the state administrative agency -- "that there was 'sufficient evidence' in support of the School Board's proffered reason for the nonrenewal decision" -- was not identical to the issue before the court, that is, "whether the defendant's decision was in fact motivated by discrimination on the basis of [the teacher's] disability." Id. at 42. Here, unlike the teacher in Thomas, Morón has not pointed to any evidence of discrimination that might sustain her case under a mixed-motive analysis. See Hillstrom v. Best Western TLC Hotel, 354 F.3d 27, 31 (1st Cir. 2003) ("[I]n mixed-motive cases, plaintiffs must present enough evidence to permit a finding that there was differential treatment

-14-

in an employment action and that the adverse employment decision was caused at least in part by a forbidden type of bias."). Rather, Morón must proceed under the burden-shifting framework,[7] which requires her to establish that she was qualified for the marketing teacher position and that Blázquez was not more qualified than she was. These precise questions, however, have already been expressly determined by both an administrative agency and a reviewing court, and neither these determinations nor those of the EEOC raised any questions of discriminatory intent.[8] See Thomas, 150 F.3d at 42 ("The finding of 'sufficient cause' must be viewed in conjunction with the fact that the State Board explicitly chose not to decide whether the School Board . . . impermissibly discriminated against Thomas based upon her voice disability.").

In sum, there is simply no reason to depart from the standard rules of issue preclusion in this case. Because Morón cannot come before us now and argue that she was qualified, or that Blázquez was less qualified, for the DOE position, Morón cannot establish a prima facie case of discrimination. Thus, the DOE is

---

[7] In any event, Morón has not requested that her case be reviewed under a mixed-motive theory. See Hillstrom, 354 F.3d at 31 ("It is doubtful that Hillstrom has preserved [the mixed-motive] issue, as he never suggested to the district court that he was presenting [such a] case.").

[8] The EEOC's determinations were based solely on the DOE's failure to respond.

-15-

entitled to judgment as a matter of law on Morón's discrimination claim.[9]

## 2. Discrimination in Certification Decision

When, as here, direct evidence is lacking to support a discrimination claim, the plaintiff must rely on establishing a prima facie case through the familiar steps of the burden-shifting framework. See McDonnell Douglas, 411 U.S. at 802-05. On appeal, however, we have often put aside the prima facie case to focus instead on "whether there is evidence that, notwithstanding the . . . stated reasons for the [decision], the real reason, at least in part, was . . . discrimination." Fontánez-Núñez v. Janssen Ortho LLC, 447 F.3d 50, 56 (1st Cir. 2006) (internal quotation marks omitted). "[T]he task of proving discrimination remains the plaintiff's at all times." Dichner v. Liberty Travel, 141 F.3d 24, 30 (1st Cir. 1998).

The DOE maintains that Morón was denied certification because she was not qualified. Whether or not Morón was actually qualified for certification at the time in question, the record, augmented with Morón's submissions in support of her opposition to summary judgment, in no way suggests that the DOE's decision was

---

[9] The DOE also argued, and the district court alternatively concluded, that Morón's claim was foreclosed on res judicata principles. Because we hold that her claim is collaterally estopped, we need not reach the claim preclusion issue.

-16-

discriminatory.[10]   Even if the DOE mistakenly denied Morón's application for certification, there is no evidence that the decision was made because she is Venezuelan.   Therefore, in the absence of evidence of discrimination, summary judgment was properly granted on Morón's claim of discrimination in the denial of her application for certification.

### 3. Retaliation

To establish a prima facie case of retaliation under Title VII, see 42 U.S.C. § 2000e-3(a), Morón was required to show that "(1) [she] engaged in protected conduct under Title VII; (2) [she] suffered an adverse employment action; and (3) the adverse action is causally connected to the protected activity." Hernández-Torres v. Intercont'l Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998).   In her opposition to summary judgment, Morón did not specify the causal nexus of her retaliation claim.   Nevertheless, the district court concluded that sufficient time passed between Morón's filing of the EEOC charge on April 12, 2000, and the DOE's rejection of her application for certification on August 7, 2001, to defeat an inference of causal connection based on temporal

---

[10]   To raise an inference of intentional discrimination based on a defendant's proffered reason for a challenged action, a plaintiff must provide "a substantial showing that respondent's explanation was false."   Williams v. Raytheon Co., 220 F.3d 16, 19 (1st Cir. 2000) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 144 (2000)).   Morón has not met that standard here.   See Reeves, 530 U.S. at 144-45 (describing evidentiary basis for inference).

-17-

proximity. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004) ("Three and four month periods have been held insufficient to establish a causal connection based on temporal proximity.").

On appeal, Morón argues that the district court miscalculated the temporal proximity of the two events. First, she points to the fact that the DOE first rejected her application for certification on April 5, 2000, a week before she filed the EEOC charge. It is impossible for the DOE to have retaliated against Morón before she engaged in protected activity. Next, Morón lists a number of instances between April 12, 2000, and November 27, 2000 when she continued to allege discrimination before the EEOC. None of these events suggest that the DOE took any action against her during this time, which might serve as a basis for a retaliation claim. Even so, more than eight months elapsed between the last date in this series of events and the DOE's next action on August 7, 2001, which is still insufficient to establish temporal proximity. See id.

Based on the record before us, we can find no evidence of a causal connection between Morón's filing of the EEOC charge and the DOE's failure to certify her as a marketing teacher. We therefore affirm the district court's entry of summary judgment in favor of the DOE on Morón's retaliation claim.

## C.  Motions for Reconsideration and Relief from Judgment

Finally, Morón challenges the district court's denial of her motion to alter or amend the judgment and for relief from judgment, and her supplemental motion for reconsideration, in light of new evidence that she has been qualified for the teaching certificate since the time of her application.[11]  See Fed. R. Civ. P. 60(b)(2).  "[Because] we defer broadly to the district court's informed discretion in granting or denying relief from judgment, . . . we review its ruling solely for abuse of that discretion." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).

With her Rule 60(b) motions, Morón offered three new pieces of evidence in support of her claim that she was qualified for the teaching certificate from the time that she first filed her application with the DOE.  The district court refused to entertain the first piece of evidence -- a letter dated April 22, 2005, in which the DOE allegedly informed Morón that she had been qualified for the certificate all along -- because, inter alia, Morón had received the letter prior to summary judgment.  The district court did not specifically address Morón's other "new" evidence: (a) handwritten notes from a DOE file, allegedly stating that the DOE needed only to verify her occupational experience to complete approval of her certification, obtained on May 10, 2005, and (b) a

---

[11]  Morón also appeals the ruling on the ground that the district court should have accepted her opposition to summary judgment.  As we concluded above, we need not reach this question.

-19-

July 15, 2005 JASEP order directing the DOE to submit its evaluation of Morón's qualifications for certifiction, and the DOE's motion in compliance with the order reiterating the content of the April 22, 2005 letter.

We find no abuse of discretion in the district court's denial of Morón's Rule 60(b)(2) motions.  The court should only grant such relief from summary judgment when "(1) [new] evidence has been discovered since the trial; (2) the evidence could not by due diligence have been discovered earlier by the movant; (3) the evidence is not merely cumulative or impeaching; and (4) the evidence is of such a nature that it would probably change the result were a new trial to be granted." U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 52 (1st Cir. 2002) (footnote omitted) (citing Mitchell v. United States, 141 F.3d 8, 18 (1st Cir. 1998)). Morón received the April 22, 2005 letter prior to summary judgment, and offered no reason why she did not bring the evidence to the attention of the court earlier.  Thus, the district court properly refused to consider that evidence. See González-Piña v. Rodríguez, 407 F.3d 425, 433 (1st Cir. 2005) ("'[A] party who seeks relief from a judgment based on newly discovered evidence must, at the very least, offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings.'" (quoting Karak, 288 F.3d at 19-20)).

The same logic applies to the rest of Morón's "new" evidence, which at best is merely cumulative of the April 22, 2005 letter. Morón suggests that the handwritten notes show that she was qualified for the certificate from the time of her application, which is also what the letter said.[12] Similarly, the DOE's response to the JASEP order reiterates the contents of the letter. Because Morón was in possession of this information prior to summary judgment but was not diligent in bringing it to the court's attention, the court did not abuse its discretion by failing to consider the evidence in deciding Morón's Rule 60(b) motions. See id.

### III. Conclusion

For the reasons stated above, we affirm the entry of summary judgment in favor of the DOE.

**Affirmed**.

---

[12] We should clarify that the import of the notes is unclear. The notes appear to state that Morón's occupational experience "must be approved in order to obt[ain]" the Certificate. We interpret this statement to simply reiterate the content of the DOE's May 19, 2003 evaluation of Morón's file -- that she still lacked the occupational experience requirement. In that case, the evidence should not be considered because it is merely cumulative. However, for purposes of our analysis above, we will accept Morón's interpretation of the notes.