# United States Court of Appeals
## For the First Circuit

No. 15-1270

SHAREL L. GIROUX,

Plaintiff, Appellant,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, its Successor & Assigns,
and MERSCORP HOLDINGS INC., its Successor & Assigns,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Thompson, Circuit Judges.

Michael J. DiCola, on brief for appellant.
Phoebe N. Coddington and Winston & Strawn, LLP, on brief for appellees.

January 13, 2016

**TORRUELLA**, **Circuit Judge**. Plaintiff-Appellant Sharel Giroux filed suit against Defendants-Appellees Federal National Mortgage Association ("Fannie Mae") and MERSCORP Holdings, Inc., seeking an order enjoining the foreclosure sale of her home. The district court dismissed her claim, finding that it was barred on res judicata grounds in light of a similar case that she had brought in Belknap Superior Court in New Hampshire and which had been dismissed. Giroux moved to vacate the district court's judgment under Rule 60 of the Federal Rules of Civil Procedure, a request which the district court summarily denied. Giroux solely appeals the denial of her Rule 60 motion, contending that the district court was required to provide reasoning for its order under Ungar v. Palestine Liberation Org., 599 F.3d 79 (1st Cir. 2010). We affirm.

## I.

In January 2007, Giroux executed a promissory note with American Home Mortgage Corporation ("AHMC"), secured by a mortgage on her home held by Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for AHMC. In November 2008, the mortgage and note were assigned to Fannie Mae. In August 2011, Giroux filed suit in Belknap Superior Court, contending that Fannie Mae, Bank of America Corporation,[1] MERS, and BAC Home Loans Servicing,

---

[1] During the superior court proceeding, Bank of America, N.A.

LP, lacked sufficient rights to enforce, transfer, or assign the note. Her claim was dismissed for lack of standing. Giroux subsequently appealed to the New Hampshire Supreme Court, which affirmed the decision of the superior court.

A foreclosure sale was scheduled for January 7, 2014. On January 6, Giroux filed a new complaint against Fannie Mae and MERSCORP Holdings[2] in Merrimack Superior Court in New Hampshire seeking to enjoin the sale. The action was removed to the United States District Court for the District of New Hampshire on the basis of diversity jurisdiction. In June 2014, the district court dismissed Giroux's action, explaining that, because her most recent claims could have been brought before the Belknap Superior Court, her action was barred on res judicata grounds. In October, Giroux filed a motion to vacate the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, which the district court subsequently denied in a one-word order. She appeals that decision here.

---

began acting as successor by merger to Bank of America Corporation. We refer to both entities as Bank of America.

[2] MERSCORP Holdings is the parent company of MERS. MERS, https://www.mersinc.org/about-us/about-us (last visited Dec. 30, 2015).

**1. Standard of Review**

"[R]elief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). A party seeking redress under Rule 60(b)

> must persuade the trial court, at a bare minimum, that [her] motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, [s]he had the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.

Id. "[O]ur review is limited to the denial of the contested motion itself; we may not consider the merits of the underlying judgment." Ojeda-Toro v. Rivera-Méndez, 853 F.2d 25, 28 (1st Cir. 1988). Given the district court's familiarity with the record and proceedings below, we review the district court's decision to grant or deny relief under Rule 60(b) for an abuse of discretion. Id. "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015)

-4-

(quoting Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir. 1988)).

Rule 60 is separated into six subsections, each of which "describes a particular basis for relief from judgment." Ungar, 599 F.3d at 83. Giroux seeks relief under three of these subsections, which are described in more detail herein.

**2. Analysis**

Under Rule 60 of the Federal Rules of Civil Procedure, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Giroux contends that the district court erred in failing to provide an explanation for denying her Rule 60 motion. She relies on this Court's decision in Ungar in support of her argument that the district court was required to provide reasoning for its decision. But Ungar is inapposite: Ungar concerned "whether there is a categorical rule that a party whose strategic choices lead to the entry of a default judgment is precluded as a matter of law from later obtaining relief" under Rule 60 and had nothing to do with the absence of a written decision. 599 F.3d at 81. Indeed, the Ungar court stated that "there is no ironclad rule requiring an in-depth, multi-factored analysis in every case." Id. at 86. Moreover, this Court does not require that a district court provide an explanation when denying Rule 60 motions and has affirmed

-5-

summary denials of these motions.  See, e.g., Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852 (1st Cir. 2006) (affirming summary denial of Rule 60(b) motion where "[e]ach of the arguments presented . . . was previously presented to and fully considered by the district court"); Stokes v. Merson, 38 F. App'x 622, 622 (1st Cir. 2002) ("The summary denial of relief under Rule 60(b) was not an abuse of discretion."); Lepore v. Vidockler, 792 F.2d 272, 275 (1st Cir. 1986) (affirming "summary disposition" of Rule 60(b) motion).  Further, a review of the record reveals that the district court did not abuse its discretion in determining that Giroux's claim lacked merit, even if it declined to offer a rationale.  See Lepore, 792 F.2d at 275 ("There was ample support for the result reached by the district court, and although an opinion explaining the court's rationale is always welcome, the absence of an opinion gives us no pause in this case.").

### a.   Rule 60(b)(2)

Rule 60(b)(2) provides relief for litigants who present "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  In her Rule 60 motion, Giroux explains that Paragraph 22 of her mortgage requires that a lender provide notice containing certain information to the borrower before proceeding with foreclosure, and that, after the district court issued its order

-6-

dismissing the case, Giroux received a letter from Bank of America's attorney stating that Bank of America was unable to locate the Paragraph 22 notice.  But Giroux was aware that the Paragraph 22 notice was missing when this case was pending before the Merrimack Superior Court.  Indeed, in her Rule 60 motion, Giroux asserted that she had received a letter from Fannie Mae's foreclosure counsel in December 2013 stating that "[w]e do not have a copy of the notice at this time" and that she submitted an affidavit to the Merrimack Superior Court averring that she did not recall receiving the notice.  Further evidence corroborating these allegations does not warrant relief under Rule 60(b)(2). See Morón-Barradas v. Dep't of Educ. of the Commonwealth of P.R., 488 F.3d 472, 482 (1st Cir. 2007) (finding that new evidence "which at best is merely cumulative" of previously submitted materials does not satisfy Rule 60(b)(2)); U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 52 (1st Cir. 2002) ("A party is entitled to relief, under Rule 60(b)(2), . . . where . . . the evidence is not merely cumulative or impeaching.").

**b.   Rule 60(b)(3)**

A party may seek relief under Rule 60(b)(3) where a litigant can demonstrate "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  Giroux alleges that

the mere fact that the defendants intended to proceed with the foreclosure absent the requisite Paragraph 22 notice evinces that "the foreclosure is fraudulent and illegal." To satisfy Rule 60(b)(3), Giroux "must demonstrate misconduct -- such as fraud or misrepresentation -- by clear and convincing evidence" and "'show that the misconduct foreclosed full and fair preparation or presentation of [her] case.'" Karak, 288 F.3d at 21 (quoting Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)). Not only do Giroux's conclusory allegations fall far short of clear and convincing evidence, she does not assert that this allegedly fraudulent act affected or was in any way related to litigation of her action. See Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 134 (1st Cir. 2005) (noting that Rule 60(b)(3) is concerned with instances of "litigation-related fraud").

### c. Rule 60(b)(6)

Rule 60(b)(6) is a "catch-all provision" that "authorizes the district court to grant relief from judgment for 'any other reason that justifies relief.'" Ungar, 599 F.3d at 83 (quoting Fed. R. Civ. P. 60(b)(6)). "The high threshold required by Rule 60(b)(6) reflects the need to balance finality of judgments with the need to examine possible flaws in the judgments." Bouret-Echevarría, 784 F.3d at 42. In her Rule 60 motion, Giroux analogizes to this Court's refusal, in Ungar, to impose a bar to

-8-

Rule 60(b)(6) relief for certain default judgments. She contends that Ungar required the district court to analyze her action on a discretionary basis rather than categorically barring it on res judicata grounds. But, by its terms, the reasoning in Ungar was limited to instances of "willful defaults" in the context of Rule 60, 599 F.3d at 84, and does not extend to all instances where litigants' claims are subject to procedural bars.[3] At most, Giroux's arguments under Rule 60(b)(6) recite issues already raised in her complaint and opposition to the motion to dismiss. Such arguments are foreclosed under Rule 60: Giroux "may not use Rule 60(b) as a substitute for a timely appeal" and therefore "may not raise the question of whether the dismissal of [the Belknap action] precluded the relitigation of the same issues in a later case." Ojeda-Toro, 853 F.2d at 28-29. Ultimately, Giroux does not show any "exceptional circumstances justify[ing] extraordinary relief" under Rule 60(b)(6). Bouret-Echevarría, 784 F.3d at 43.

---

[3] "[T]he effect of the New Hampshire court's final judgment on [Giroux's] federal action is determined by applying New Hampshire's res judicata law." Torromeo v. Town of Fremont, N.H., 438 F.3d 113, 116 (1st Cir. 2006). Insofar as Giroux's contention could be interpreted as a suggestion that New Hampshire res judicata law must be applied on an individualized "case-by-case basis," Giroux has "failed to explain why [her] case is exceptional." Id. at 117 n.4 (internal quotation marks and citation omitted).

## III.

The judgment of the district court is affirmed.

**Affirmed**.