UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Lisa Marie Brady

    v.                                    Civil No. 16-cv-069-JD
                                          Opinion No. 2016 DNH 202
School Board, Somersworth
School District, et al.


O R D E R


     Lisa Marie Brady, proceeding pro se, brings federal and
state claims against the School Board of the Somersworth School
District; Jeni Mosca, the Superintendent of Schools; Pamela
MacDonald, the Special Education Director; and Jeanne Kincaid,
counsel for the school district, arising from the termination of
Brady's employment.  The claims against Jeanne Kincaid were
previously dismissed.  Brady moves for reconsideration of the
order dismissing her defamation claim against Kincaid.


Standard of Review

     Reconsideration of an order is "'an extraordinary remedy
which should be used sparingly.'"  Palmer v. Champion Mtg., 465
F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et
al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995));
accord Giroux v. Fed. Nat'l Mortg. Assoc., 810 F.3d 103, 106
(1st Cir. 2016).  For that reason, reconsideration is

"appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Importantly, a motion for reconsideration cannot succeed when the moving party is attempting "to undo its own procedural failures" or "advanc[ing] arguments that could and should have been presented earlier."  Id.  A motion for reconsideration also is not "a mechanism to regurgitate old arguments previously considered and rejected."  Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).

## Discussion

Brady moves for reconsideration of the court's order dismissing her claims against Jeanne Kincaid, challenging the ruling on her defamation claim.  She also asserts that her motion should be considered, although filed after the deadline, because of her intervening interlocutory appeal to the First Circuit.  Kincaid objects to reconsideration because the motion is too late and because it would fail on the merits if considered.

2

A.  Timeliness

Brady moved on October 11, 2016, for reconsideration of the court's June 13, 2016, order.  As such, the motion was filed long after the deadline.  See LR 7.2(d).  Brady explains that the delay was due to her interlocutory appeal of the order to the First Circuit, which she has now dismissed.

The court need not decide whether Brady's misunderstanding of the procedures in federal court provides grounds for her late motion because it fails on the merits.

B.  Merits

Brady challenges the dismissal of her defamation claim based on privilege.[1]  She argues that one of Kincaid's statements was made in public, not for purposes of a hearing.[2]  Brady's challenge raised in support of reconsideration is based on a misreading of the order.

In her complaint, Brady alleged that Kincaid defamed her "in her legal pleadings" submitted to the New Hampshire

---

[1] Brady also mentions 42 U.S.C. § 1983 but provides no developed argument to support reconsideration of the court's ruling that § 1983 did not apply to Kincaid because she was not a state actor.

[2] Brady, however, did not file any response to the motion to dismiss.  As a result, she could have but did not offer her current argument in response to Kincaid's motion to dismiss.

3

Department of Labor Hearing Officer. The statement she challenged was: "As supported by Superintendent Mosca's Affidavit and accompanying documentation, Ms. Brady engaged in highly disruptive conduct in the workplace which violated the employees [sic] privacy and contravened state law barring genetic testing absent express consent." Complaint at 21. The court dismissed the defamation claim, based on that statement, because it is protected by the privilege afforded to judicial proceedings.[3]

In support of her motion for reconsideration, however, Brady cites other statements made by Kincaid that Brady represents were "televised locally and published online to the public" and, therefore, not subject to privilege. Those statements are about Kincaid's representation of the school district in the termination proceeding before the school board and the school board's finding that Brady violated RSA 141-H:2.

The court previously addressed the statement about the school board's finding. Order, doc. no. 23 at 10, n.5. The court found that the statement is not defamatory because it is

---

[3] Brady cites Rule 37 of the New Hampshire Supreme Court Rules that discusses privilege for statements made during attorney disciplinary proceedings to challenge the privilege ruling. Because attorney disciplinary proceedings are not at issue in this case, the cited rule does not apply.

4

true.  The court did not consider or mention the privilege afforded to judicial proceedings in analyzing that statement. Kincaid's statement that she prosecuted the termination case before the school board is also true.[4]  Truth is a complete defense to a defamation claim.  See Thomas v. Tel. Publ'g Co., 155 N.H. 314, 335 (2007).

Therefore, Brady provides no cognizable grounds to reconsider the order that dismissed all claims against Kincaid.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 46) is denied.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

November 1, 2016

cc:  Lisa Marie Brady, pro se
     Demetrio F. Aspiras, III, Esq.
     Brian J.S. Cullen, Esq.
     Melissa A. Hewey, Esq.

---

[4] Brady's misunderstanding of the use of the word "prosecuted" in this context is immaterial to the outcome of the motion.

5