# United States Court of Appeals
## For the First Circuit

No. 23-1229

U-NEST HOLDINGS, INC.,

Plaintiff, Appellant,

v.

ASCENSUS COLLEGE SAVINGS RECORDKEEPING SERVICES, LLC,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, U.S. District Judge]

Before

Barron, Chief Judge,
Lynch and Howard, Circuit Judges.

Joseph A. Farside, Jr., with whom Alexandra G. Lancey and
Locke Lord LLP were on brief, for appellant.
Marc DeSisto, with whom DeSisto Law LLC, Mitchell R. Edwards,
and Hinckley Allen & Snyder LLP were on brief, for appellee.

September 22, 2023

**LYNCH**, **Circuit Judge**.  In a case filed in 2021 in the United States District Court for the District of Rhode Island, U-Nest Holdings, Inc., claimed that its suit was not foreclosed by a judgment entered on February 4, 2020, in a 2019 federal court action.  That judgment had embodied a prior state court settlement agreement.  In the 2021 case, U-Nest asserted that it had been fraudulently induced to enter into that settlement agreement by a statement made in court by counsel for Ascensus College Savings Recordkeeping Services, LLC.

After a hearing in the 2021 case, the federal district court determined that for the case to proceed, U-Nest would first need to file a motion for relief from judgment in the 2019 action.  The court stayed the 2021 action pending resolution of the motion.  On May 16, 2022, U-Nest filed a motion seeking relief from judgment in the 2019 action under Fed. R. Civ. P. 60(b)(6).

Thereafter, the motion was heard by the judge who had presided over the 2019 case, who took submissions, briefing, and held arguments on the motion on November 9, 2022.  No party asked for an evidentiary hearing.  At the conclusion of the November 9 hearing the court informed the parties it would take the matter under advisement and later issue a written opinion.  On December 6, 2022, the court ruled that the motion more properly sounded under Fed. R. Civ. P. 60(b)(3) than under Rule 60(b)(6) and ordered additional briefing on the issue of whether concepts of equitable

- 2 -

tolling could save a Rule 60(b)(3) motion brought over one year after the entry of judgment.

The court denied U-Nest's motion on February 9, 2023, in a written order.  See U-Nest Holdings, Inc. v. Ascensus Coll. Sav. Recordkeeping Servs., LLC ("U-Nest"), No. 19-659 WES, 2023 WL 1861401 (D.R.I. Feb. 9, 2023).  In the interim between the November 9 argument and the February 9 written order U-Nest did not request any form of evidentiary hearing.  The written order found that U-Nest had not met its burden, as the party seeking relief under Rule 60, to show either fraud or misrepresentation.

The written opinion of the district court denying the motion reasoned as follows:

> U-Nest has failed to sustain this burden as it has presented no evidence to support its claim of fraud.
>
> U-Nest's filings on this matter present a simple scenario: during the preliminary injunction hearing, Ascensus's attorney made a misrepresentation when he claimed that Ascensus was not developing [a mobile phone application to compete with U-Nest's app], the purpose of which was to trick U-Nest into entering a settlement agreement.  To support its version of events, U-Nest filed a copy of the preliminary injunction hearing transcript, a comparison of the U-Nest app and the Ascensus app, a transcript of the motion to dismiss hearing . . . , and the complaint . . . .  The only support for their claim that the statement made during the preliminary injunction hearing was false is an argument, contained in the briefing, that such an app could not be developed in thirteen months (the time between the hearing and the release of

- 3 -

the Ascensus app). An attorney's claim, however, is not evidence, and it cannot support the remedy requested. [FN 5]

> [FN 5] U-Nest suggests it can avoid its evidentiary obligations because Ascensus has never said it did not lie. However, U-Nest has presented no law that supports a conclusion that Ascensus's decision to not directly disclaim the accusation removes U-Nest's burden to support its allegations.

Further, U-Nest has had multiple opportunities to present the necessary evidence. During the hearing on the motion for relief from judgment, the [c]ourt inquired as to whether an evidentiary hearing was needed[.] U-Nest's counsel responded that it was ready for such a hearing and "if your honor wants to have an evidentiary hearing . . . we would not object to that at all." At no point, however, did counsel affirmatively request such a hearing. In addition, the [c]ourt requested several sets of additional briefs, each presenting its own opportunity to provide evidentiary support. At each opportunity, U-Nest declined to present evidence.

Thus, all the [c]ourt has to go on is the movant's bald assertions. Without any evidence to support the allegations of fraud, the [c]ourt is unable to grant the extraordinary relief requested.

. . .

For the reasons contained herein, Plaintiff U-Nest's Motion for Relief from Judgment is DENIED.

U-Nest, 2023 WL 1861401, at *3-4 (citations omitted and third omission in original). U-Nest timely appealed from this ruling.

Our review for denial of a Rule 60 motion, whether under

- 4 -

Rule 60(b)(6) or Rule 60(b)(3), is for abuse of discretion. See Giroux v. Fannie Mae, 810 F.3d 103, 106 (1st Cir. 2016). U-Nest argues first that the district court erred by denying its motion solely on the basis that U-Nest had failed to request an evidentiary hearing. The record refutes that contention by U-Nest. The district court denied U-Nest's motion not because it had failed to request an evidentiary hearing, but rather because U-Nest had not adequately substantiated its allegations of fraud. See AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 425 (1st Cir. 2015) (Rule 60(b) motion must do more than "cast doubt on the soundness of the underlying judgment." (quoting Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 37 (1st Cir. 2013)).

U-Nest argues that it should be excused from its failure to request an evidentiary hearing because U-Nest represents to us that the district court, in essence, stated that it did not want an evidentiary hearing. But the record contradicts this representation by U-Nest and shows the district court said no such thing. U-Nest does point to two statements in which the district court questioned the need for an evidentiary hearing. But neither statement could reasonably be read to state that no such hearing would be granted if requested.

U-Nest next argues that the district court should have sua sponte conducted an evidentiary hearing even in the absence of a such a request by U-Nest. We reject U-Nest's argument. There

- 5 -

is no such requirement and U-Nest has not cited any case law which says that there is. To the contrary, the burden is on the Rule 60 movant to demonstrate the existence of exceptional circumstances justifying relief from judgment. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co., 953 F.2d 17, 19-20 (1st Cir. 1992). It therefore falls upon the movant to request an evidentiary hearing and thereafter to "convince the court of its desirability." Gen. Contracting & Trading Co., LLC v. Interpole, Inc., 899 F.2d 109, 115 (1st Cir. 1990); see Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 137 (1st Cir. 2005) ("[T]here is no requirement under Rule 60(b) that contested allegations automatically get an evidentiary hearing regardless of plausibility or import.").

We see little point in adding to the district court's sound reasoning. See Cotto v. United States, 993 F.2d 274, 277 (1st Cir. 1993) (Under Rule 60, a district court need not credit "bald assertions, unsubstantiated conclusions, periphrastic circumlocutions, or hyperbolic rodomontade." (quoting Superline Transp. Co., 953 F.2d at 18)). The district court reviewed the "evidence" U-Nest had filed and stated why it was inadequate. The district court amply supported its finding that U-Nest did not support its claim of fraud and/or of misrepresentation. And so the motion fails, whether it is characterized as a Rule 60(b)(6) or a Rule 60(b)(3) motion. There is accordingly no need to address

- 6 -

U-Nest's argument that the district court erred in reviewing its motion under Rule 60(b)(3) rather than under Rule 60(b)(6). The district court's reasoning also disposes of the equitable tolling argument which U-Nest advocates on appeal. As the district court did not err in its ruling, we reject U-Nest's appeal. The district court's Rule 60 ruling is affirmed. Costs are awarded to Ascensus.[1]

---

[1] We express no views on the 2021 action or as to what preclusive effect, if any, this ruling has on that action.