**BOWEN INVESTMENT, INC.,**
Plaintiff, Appellant,

Honey Dew Associates, Inc., Plaintiff,

v.

**CARNEIRO DONUTS, INC. and**
Manuel M. Carneiro, De-
fendants, Appellees.

No. 06–2100.

United States Court of Appeals,
First Circuit.

Heard April 5, 2007.

Decided June 12, 2007.

Jack J. Mikels, with whom Michael A. Wirtz, and Jack Mikels & Associates, LLP, was on brief, for appellant.

Kevin R. McCarthy, for appellees.

Before LIPEZ, Circuit Judge, TASHIMA,* Senior Circuit Judge, and HOWARD, Circuit Judge.

HOWARD, Circuit Judge.

The plaintiffs, Honey Dew Associates, Inc. and Bowen Investments, Inc., were the franchisors of the defendants, Carneiro Donuts, Inc. (CDI) and its owner, Manuel Carneiro. The plaintiffs sued the defendants in the District of Massachusetts for breach of their franchise agreement. Honey Dew also sued the defendants for trademark infringement. The defendants counterclaimed, asserting, *inter alia,* breach of contract, fraud, and a violation of Mass. Gen. Laws ch. 93A. After a jury

trial, the plaintiffs prevailed on their claims and the defendants were unsuccessful on their counterclaims.[1] The jury awarded the plaintiffs $11,944.26 on the breach of contract claim and Honey Dew Donuts $1 on the trademark infringement claim.

After the jury verdict, the plaintiffs moved for an award of attorney's fees pursuant to a provision in the parties' franchise agreement that provided that the breaching party would be responsible for costs incurred in enforcing the agreement, including "reasonable attorney's fees." The district court denied the motion because the plaintiffs were only "marginally victorious," in the light of the small amount of damages awarded. The district court then entered a final judgment against CDI in the amounts awarded by the jury. Almost six months later, the plaintiffs moved to correct the judgment, pursuant to Fed.R.Civ.P. 60(a), to have Carneiro added as jointly and severally liable for damages on the contract claim. The district court denied the motion, concluding that Carneiro had been intentionally omitted from the claims and the judgment. Bowen appeals, challenging the denial of its Rule 60(a) motion and its request for attorney's fees. We consider these challenges in turn.

Bowen claims that the judgment accidentally omitted Carneiro as a party responsible for the breach of contract damages. It acknowledges that the verdict form submitted to the jury identified CDI as the only defendant on the contract claim but maintain that this was done based on an understanding that, if the jury found for the plaintiffs, Carneiro would be held jointly and severally liable for the contract damages.

---

* Of the Ninth Circuit, sitting by designation.

1. The ch. 93A claims was decided in favor of the plaintiffs by the court.

The defendants assert that the plaintiffs' motion was properly denied because it was untimely. They claim that, while the plaintiffs styled their motion as a request for relief under Rule 60(a), which can be filed at any time after judgment enters, the motion was, in fact, a motion for the amendment of the judgment, under Fed. R.Civ.P. 59(e), which must be filed within ten days of the judgment's entry. *See Garcia–Velazquez v. Frito Lay Snacks Caribbean,* 358 F.3d 6, 9 (1st Cir.2004). The defendants also claim that, even if the motion was properly filed under Rule 60(a), it was correctly denied because the omission of Carneiro from the judgment was not a clerical mistake or omission.

■ Rule 60(a) provides that "clerical mistakes in judgments ... arising from oversight or omission may be corrected by the court at any time...." A motion under this rule is appropriate where the "the judgment failed to reflect the court's intention." *Morgan Guar. Trust Co. v. Third Nat'l Bank,* 545 F.2d 758, 759–60 (1st Cir. 1976). It does not, however, provide for the correction of "the deliberate choice of the district judge." *Elias v. Ford Motor Co.,* 734 F.2d 463, 466 (1st Cir.1984). As the Fifth Circuit has explained

> The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties ... or is instead a clerical, or a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into the facts is required, Rule 60(a) will not be available.

*In re W. Tex. Marktg. Corp.,* 12 F.3d 497, 504–05 (5th Cir.1994).

Here, Bowen contends that there was an understanding that Carneiro would appear in the judgment as jointly and severally responsible for the breach of contract damages. Rule 60(a) is properly employed where "the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure,* § 2854 (2d ed.1995). This is precisely the plaintiffs' assertion, and therefore they correctly brought their motion under Rule 60(a).

■ The district court's denial of a Rule 60(a) motion on the merits is reviewed for an abuse of discretion. *See In re Walter,* 282 F.3d 434, 440 (6th Cir.2002). The district court concluded that the plaintiffs were incorrect in their belief that there was an understanding that Carneiro would be included in the judgment and that, in fact, he was intentionally omitted. The record amply supports this ruling.

The jury charge conference between the parties and the court is not reasonably susceptible to Bowen's interpretation. At the conference, the plaintiffs stressed their desire to avoid having Carneiro receive damages if defendants prevailed on their contract counterclaim because CDI was the only franchisee. Defense counsel then argued the inequity of requiring Carneiro to remain potentially liable on the plaintiffs' contract claim but not being able to collect on the counterclaim. The plaintiffs responded that they desired joint and several liability for Carneiro because CDI was defunct and therefore could not pay on any judgment. The district court then gave the plaintiffs the following choice regarding the contract claims: "[Carneiro]'s either going to be in for everything or out of everything.... Which is your request?"

The plaintiffs' counsel replied "Out." There was no further discussion of the matter.[2]

If the court's expressed words were not enough to resolve this matter against the plaintiffs, the other evidence also supports the conclusion that Carneiro was not accidentally omitted from the judgment. The verdict form included Carneiro as a defendant on the trademark claim, and his continued presence in that capacity casts doubt on the plaintiffs' assertion that he was removed from the contract count solely to simplify matters for the jury and not because he was being eliminated entirely from the contract claim. Moreover, any remaining uncertainty about the meaning of the court's ruling that Carneiro was "out" was dispelled by its own interpretation of the charge conference. *See Crowley v. L.L. Bean, Inc.*, 361 F.3d 22, 25 n. 3 (1st Cir.2004); *Lefkowitz v. Fair*, 816 F.2d 17, 22 (1st Cir.1987). The district court's denial of the plaintiffs' Rule 60(a) motion expressly stated that "having reviewed the charge conference, the Court concludes that judgment has been properly entered and recorded." For these reasons, we conclude that the district court did not abuse its discretion in denying the plaintiffs' Rule 60(a) motion.

We turn next to Bowen's contention that it should have been awarded attorney's fees. Bowen argues that the district court abused its discretion in denying fees on the ground that they were only "marginally victorious" in the litigation. It claims that it received all the damages which it had sought and therefore was completely victorious.

■ We review a trial court's decision in awarding attorney's fees for manifest abuse of discretion. *Boston's Children First v. City of Boston*, 395 F.3d 10, 13 (1st Cir.2005). We will generally defer to the trial judge, whose detailed knowledge of the case and its nuances provides him with the best vantage point for setting a just award, *Rossello–Gonzalez v. Acevedo–Vila*, 483 F.3d 1, 6 (1st Cir.2007), and will only set aside an award if the court made an error of law, disregarded a significant factor, or seriously erred in weighing the relevant factors. *Boston's Children First*, 395 F.3d at 13.

■ Contrary to Bowen's argument, the damage award was far less than the plaintiffs had asked for on their contract claim. As the district court noted, the plaintiffs' counsel's closing argument sought a much more substantial sum. Indeed, the various damage figures recited by counsel totaled over $120,000, and counsel noted that his list was only a portion of the possible damages. We have approved the denial of a fee award entirely when the prevailing party enjoys only limited success, such as when the damages requested far exceed the damages actually awarded, *see AccuSoft Corp. v. Palo*, 237 F.3d 31, 61 (1st Cir.2001), and do so again here.[3]

*Affirmed.* Costs are awarded to the ap-

---

**2.** Bowen argues that the charge conference discussion was limited to how the contract claims should be described to the jury and had nothing to do with whether Carneiro ultimately would be liable for damages. As discussed below, the district court did not interpret this discussion as so limited and this view is supported by the record.

**3.** Our conclusion is unaffected by Bowen's arguments that the district court failed to consider the importance of the nonmonetary relief that they received and their success in fending off the defendants' counterclaims. The former is forfeited by the failure to present it to the district court, *see Rocafort v. IBM*, 334 F.3d 115, 121 (1st Cir.2003), and the latter is so perfunctorily presented that we deem it waived, *see United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990).

**4.** We deny the appellees' request for double costs under Fed. R.App. P. 38 because they have not filed the required separate motion.

*See In re I Don't Trust,* 143 F.3d 1, 4 (1st Cir.1998).