**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 13-1245

LIZBETH VARGAS-COLÓN; JAIME CEDEÑO;
L.C.V., a minor,

Plaintiffs, Appellants,

v.

HOSPITAL DAMAS, INC.; DR. NELSON VÉLEZ-MARTÍNEZ; JANE DOE;
CONJUGAL PARTNERSHIP VÉLEZ-DOE; JOHN DOE 1-3; ABC CORPORATIONS;
INSURANCE COMPANIES A TO H,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Torruella, Lipez, and Kayatta,
Circuit Judges.

David Efron, with whom Joanne V. Gonzáles Varon and Law
Offices of David Efron, P.C., were on brief, for appellants.
Roberto Ruiz Comas, with whom RC Legal & Litigation Services
PSC was on brief, for appellee.
Freddie Pérez-González, with whom Freddie Pérez-González &
Assoc., P.S.C., was on brief, as intervenor, for Fundación Damas,
Inc.

April 4, 2014

**KAYATTA, Circuit Judge**. The plaintiffs in this medical malpractice case entered into a settlement, enforceable by the district court, with a corporation named Hospital Damas, Inc. ("HDI"). In the wake of HDI's bankruptcy, the plaintiffs wish that they had sued and entered into a settlement agreement with HDI's apparently solvent parent, Fundación Damas, Inc. ("Fundación"). Indeed, because Fundación held the license to operate the hospital in which the injuries giving rise to this lawsuit occurred, and owned the real property on and in which the hospital operated, the plaintiffs argue that they actually meant to sue Fundación and would have done so had HDI informed them that its parent held the operating license.

Rather than now suing Fundación, the plaintiffs sought a shortcut, asking the district court to amend the judgment of dismissal in order to add Fundación as a new party and to rewrite the settlement agreement so that it can be enforced against Fundación. In pursuing this shortcut, the plaintiffs referred to Rule 60(a) and to the district court's power to amend its judgments nunc pro tunc as procedural mechanisms that might accommodate their unusual request, but the district court denied their motion as a procedurally inapt gambit to secure a substantive solution. The plaintiffs now appeal, but because they offer us no reason to conclude that the district court was anything other than obviously correct when it denied their motion, we affirm.

## I. Background

The findings made by the magistrate judge and adopted by the district court remain largely unchallenged. On January 12, 2007, Lizbeth Vargas-Colón and Jaime M. Cedeño, citizens of Ohio, filed a complaint in the United States District Court for the District of Puerto Rico, seeking compensation on behalf of their infant daughter, L.C.V., for medical negligence alleged to have taken place during Vargas-Colón's pregnancy, labor, and delivery at Hospital Damas in Ponce, Puerto Rico. The complaint and a later-filed amended complaint named a number of defendants, including an entity identified as "HOSPITAL DAMAS or, alternatively, John Doe Corporation d/b/a Hospital Damas." The complaint and amended complaint also alleged that "Hospital Damas is the owner and operator of a hospital of the same name, located in Ponce, Puerto Rico."

Lawyers then filed an answer to the amended complaint on behalf of "Hospital Damas." In that answer, they admitted that Hospital Damas is a corporation and is "the owner and operator of a hospital of the same name." In August of 2009, on the eve of trial, the suit settled. The settlement agreement was signed by the corporate defendant in its correct legal name, Hospital Damas, Inc. HDI agreed to pay damages in the amount of $1.5 million to

-4-

the plaintiffs in installments over a period of eight years.[1] Pursuant to the agreement, and at the parties' request, the district court entered judgment dismissing all claims with prejudice. In its dismissal order, the district court stated that it retained jurisdiction to enforce the terms of the settlement agreement. No judgment was entered against any defendant.

On September 24, 2010, approximately one year after the dismissal, HDI filed for bankruptcy. In the hopes of preserving their interest in the full amount owed under the settlement, the plaintiffs joined a number of other malpractice judgment creditors in moving to dismiss HDI's bankruptcy petition on the grounds of fraud and bad faith, arguing that HDI had operated Hospital Damas without a license (and that Fundación had been the properly-licensed entity), had falsely represented that it was licensed, and had misled creditors and the court by using the facility's name--that is, "Hospital Damas"--as if that name referred to the corporation itself. The bankruptcy court explicitly rejected both

---

[1] As the plaintiffs tell it, the fact that they were litigating against HDI, rather than some other entity that might have been liable for the hospital's wrongdoing, did not (and could not have) become clear to them until the execution of the settlement agreement. Though we do not so decide, we assume for the purposes of this appeal that the plaintiffs' surprise was justified.

licensing arguments,[2] finding that any licensing problem was beyond HDI's control and thus insufficient to show bad faith.  It declined to address the third argument, instead holding that even if HDI could be shown to have acted in bad faith by using the hospital's name rather than its own, unusual circumstances present in the case counseled against dismissal.  One such circumstance, according to the bankruptcy court, was that "[s]everal of the movants have already filed suit in the district court against Fundación Damas."

The bankruptcy court filed its order denying the motion to dismiss on April 9, 2012.  On June 5 of that year, the plaintiffs returned to the district court and filed the motion that, as evolved, is now the subject of this appeal.  Relying in part on the district court's earlier statement that it "retain[ed] jurisdiction to enforce the terms of the settlement agreement," the plaintiffs asked for relief as follows: "[M]inor plaintiff LCV very respectfully requests this Honorable Court to correct the Judgment in this case nunc pro tunc to include Fundación Damas, Inc. as a party defendant responsible for the obligations incurred by

_____

[2] The two arguments seem to have been premised on the idea that if Fundación, rather than HDI, was the party properly responsible for owning and operating the hospital, it was Fundación, rather than HDI, that should have volunteered to accept service (which was not made on it) and appeared as a defendant when Hospital Damas was first sued for malpractice.

-6-

Hospital Damas toward plaintiff in the settlement agreement entered in this case."[3]

The district court referred the motion to a United States magistrate judge. See Fed. R. Civ. P. 72. The magistrate judge initially concluded that, as worded, the plaintiffs' request "ma[de] little sense, and . . . would not give Plaintiff the result she wants." After all, nothing in the judgment itself made anyone responsible for the obligations incurred by Hospital Damas. Rather, it was the settlement agreement that assigned responsibility. The magistrate judge therefore concluded that the motion was simply a request for "an order or judgment requiring Fundacion Damas, Inc., to pay under the settlement agreement." So construing the motion, the magistrate judge noted that "nunc pro tunc judgments are usually concerned with correcting simple errors in order to properly reflect an action actually taken by the court; they are not meant to alter the judgment." (emphasis in original). The magistrate judge further concluded that the motion, if construed as a prayer for relief under Rule 60(b)(6), must be denied both as untimely and as a request for a form of relief lying

---

[3] Elsewhere in the motion appears the following assertion: "Pursuant to Federal Rule of Civil Procedure 60(b)[(6)] the Court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Minor plaintiff LCV respectfully submits that the circumstances in this case warrant the requested nunc pro [tunc] amendment of the judgment entered in this case to include Fundación Damas, Inc. as a party defendant."

"far beyond" the sort granted in the cases on which the plaintiffs relied.

Continuing on, the magistrate judge further observed that amendment of the judgment would do little, because "the judgment in this case merely approved the parties' settlement agreement and dismissed the case with prejudice; it <u>did</u> <u>not</u> enter judgment against any party." (emphasis in original). Rather, noted the magistrate judge, "Hospital Damas, Inc.'s liability to Plaintiff arises from a settlement agreement--essentially, a contract--that it voluntarily signed." (footnote omitted). Observing that "Plaintiff wants us to 'substitute' an entity that <u>did</u> <u>not</u> sign a contract for the entity that <u>did</u>, thereby making the non-signatory responsible for the obligations to which the signatory bound itself," the magistrate judge concluded that "[s]uch a harsh result presents serious due process problems, and Plaintiff has not even come close to justifying such relief." (emphasis in original).

Though the magistrate judge concluded that the aforementioned procedural problems alone "doom[ed] Plaintiff's motion," the report and recommendation went on to address the merits of the claim that Fundación should be held responsible. In particular, the magistrate judge "clarif[ied] that the relevant question here," as a matter of substantive law, was "that of who was operating Hospital Damas at the time Plaintiff was injured," and concluded that the answer to that question had been settled by

-8-

the bankruptcy court in a decision with res judicata effect.[4]  On the basis of both procedural and substantive failings, the report and recommendation concluded as follows: "Because this motion was improperly filed, and because the relief it requests is precluded by a prior judgment of the Bankruptcy Court, we RECOMMEND that Plaintiff's motion to amend judgment nunc pro tunc be DENIED."

The plaintiffs timely filed in the district court their objections to the magistrate judge's report.  In doing so, however, the plaintiffs seem to have abandoned entirely any argument based on Rule 60(b), instead citing Gagnon v. United States, 193 U.S. 451 (1904), for the proposition that a different provision, Rule 60(a) of the Federal Rules of Civil Procedure, reflects the "axiomatic" principle that "courts have the power and the duty to correct judgments which contain clerical errors o[r] judgments which have issued due to inadvertence or mistake."  They argued that relief was indeed appropriate because "an obvious error, intentional or otherwise, took place and nunc pro tunc orders are applicable in situations where there is a clear error that needs correction

_____

[4]    The magistrate judge added: "The relevance of the Bankruptcy Court's findings is obvious.  If Hospital Damas, Inc., was the operator-in-fact of Hospital Damas when Plaintiff was injured, it, not Fundación Damas, Inc., was the proper party to answer the suit on Hospital Damas's behalf.  By same token, if Fundación Damas, Inc., was, at the time of Plaintiff's injury, merely the owner of the real property on which the hospital operated, as well as the shareholder of Hospital Damas, Inc., it could not be said to be 'Hospital Damas' in the relevant sense[, because] nothing in Plaintiff's motion convinces us that anyone but the actual operator of Hospital Damas should be liable for its negligence." (emphasis in original).

-9-

and/or where it is necessary to conform the order to the court's original intent."  After asserting that "[the] error, a misnomer, was that the owner/operator was, at the time of the medical incident at issue, Fundacion Damas, Inc.," they proceeded to challenge the magistrate judge's substantive analysis of the merits of their claim that Fundación was liable for acts of the hospital, arguing that the magistrate judge was incorrect to conclude that their claim was barred by res judicata.

The district court rejected both of the plaintiffs' objections.  Reviewing de novo, it adopted the magistrate judge's report in its entirety, adding brief commentary to both the procedural and the substantive concerns the magistrate judge voiced.  First, it reiterated that "the action taken by the court was [not] the result of a clerical mistake and, thus, cannot be altered by simply amending the judgment."  It further concluded that "Fundaci[ó]n had no part in the negotiations of the settlement agreement between Plaintiff and Hospital Damas, Inc.," so "[t]o assign liability to Fundaci[ó]n by amending the judgment would be to circumvent the contractual requisites of a settlement agreement."

Adding belt to suspenders, the district court also declared that it was "not persuaded by Plaintiff's argument that Fundaci[ó]n Damas, Inc. was and is the only lawful owner and operator of the Hospital Damas and, as such, liable for the

-10-

settlement agreement that led to a judgment from this court."
Rather, the district court determined, the bankruptcy court had
conclusively adjudicated the fact that "[HDI] was . . . the
hospital's operator . . . , and, thus, liable for the negligence
that caused Plaintiff's injuries."  Though it made clear that it
was "not making a determination on the validity of any claims
Plaintiff [might] have against Fundación Damas, Inc.," it concluded
that on the basis of its procedural concerns and principles of res
judicata, "to amend the judgment nunc pro tunc by adding another
entity not sued is not the appropriate vehicle."

The plaintiffs appealed.  We have jurisdiction pursuant
to 28 U.S.C. § 1291.

## II.  Standard of Review

"The district court's denial of a Rule 60(a) motion on
the merits is reviewed for an abuse of discretion."  Bowen Inv.,
Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007).

## III.  Analysis

The district court was plainly correct in finding that
the "error" that the plaintiffs seek to correct, even assuming it
was an error, was certainly not the type of "clerical mistake or a
mistake arising from oversight or omission" for which Rule 60(a)
provides a corrective measure.  Fed. R. Civ. P. 60(a); see, e.g.,
Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st
Cir. 2007) ("A motion under [Rule 60(a)] is appropriate where the

-11-

judgment failed to reflect the court's intention; [the Rule] does not, however, provide for the correction of the deliberate choice of the district judge." (citation and internal quotation marks omitted)); In re Frigitemp Corp., 781 F.2d 324, 327 (2d Cir. 1986); Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982). The actual judgment read exactly as the court intended. The mistake here was not about the effect of the settlement agreement (HDI bound itself to pay). Rather, if there was any mistake at all, it was about the effectiveness of the agreement (did it include the right entity). Cf. OneBeacon Am. Ins. Co. v. Travelers Indem. Co. of Ill., 465 F.3d 38, 42 (1st Cir. 2006) ("Reformation is not available to correct mistaken factual assumptions about the parties' bargain, but may be used to correct misrepresentations of the parties' contractual intent."). And correcting that mistake would require both adding Fundación as a party and declaring that it, too, would have agreed to the settlement. Rewriting history to this effect is far beyond the reach of Rule 60(a). See In re W. Tex. Mktg. Corp., 12 F.3d 497, 504-05 (5th Cir. 1994) ("If . . . cerebration or research into the law or planetary excursions into the facts is required, Rule 60(a) will not be available . . . .").

More could be said about why a Rule 60(a) motion provides no occasion to litigate whether the path not taken would have led where the plaintiffs claim. The plaintiffs, though, expend no

effort arguing that Rule 60(a) is an appropriate vehicle for reaching their desired outcome. Rather, they devote the entirety of their brief on appeal to the question of whether issue preclusion might provide Fundación a defense and to the unpreserved suggestion that the settlement agreement might (according to its terms, if not to common sense) have created rights enforceable against Fundación and a number of other non-signatories. These issues are, at best, for another day in another case.[5] And however they might eventually be addressed and resolved, a Rule 60(a) motion in this case clearly provides no proper shortcut to their adjudication in some other action.

## IV.  Conclusion

For the foregoing reasons, the judgment of the district court is <u>affirmed</u>.[6]

---

[5] Counsel for the plaintiffs advised us at oral argument that the statute of limitations on any claim that L.C.V. might have against Fundación has not run because L.C.V. is a minor. Whether the plaintiffs actually have any viable claim against Fundación is an issue we need not and do not reach in order to affirm the judgment in this case.

[6] During the course of this appeal, we granted provisional leave to Fundación to intervene. The plaintiffs opposed Fundación's motion for leave and moved to strike an exhibit that Fundación attached to its tentatively-accepted brief. Fundación not only opposed the motion to strike, but also requested fees on the ground that motion was frivolous. Because we now affirm the district court--thus providing precisely the relief Fundación requested--but do so without relying on any argument contained in Fundación's brief, we deny Fundación's motion to intervene, thus rendering moot the plaintiffs' motion to strike the exhibit. Fundación's motion for fees is likewise denied.