# United States Court of Appeals
## For the First Circuit

No. 17-1239

ANGIODYNAMICS, INC.,

Plaintiff, Appellee,

v.

BIOLITEC AG; WOLFGANG NEUBERGER;
BIOMED TECHNOLOGY HOLDINGS, LTD.,

Defendants, Appellants,

BIOLITEC, INC.,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

William E. Reynolds, with whom Nixon Peabody LLP was on brief, for appellee.
Edward Griffith, with whom The Griffith Firm, Jesse Belcher-Timme, and Doherty, Wallace, Pillsbury & Murphy, P.C. were on brief, for appellants.

January 23, 2018

**PER CURIAM**.  This is Defendants' fifth appeal in a case that stems from Plaintiff's unsuccessful attempts to enforce a $23 million judgment against Defendants, which it obtained in New York in 2012.  See AngioDynamics, Inc. v. Biolitec AG, 711 F.3d 248 (1st Cir. 2013) (Biolitec I) (per curiam); AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420 (1st Cir. 2015) (Biolitec II); AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429 (1st Cir. 2015) (Biolitec III); AngioDynamics, Inc. v. Biolitec AG, 823 F.3d 1 (1st Cir. 2016) (Biolitec IV).  Over the course of this litigation, Defendants have repeatedly refused to comply with court orders.  See Biolitec IV, 823 F.3d at 10.

In Biolitec I, we affirmed the district court's preliminary injunction barring Biolitec AG ("BAG") from merging with its Austrian subsidiary.  711 F.3d at 250, 252.  But, in disregard of the district court injunction, Defendants completed the enjoined merger.  See id. at 250 n.1.  In Biolitec II, we affirmed the district court's imposition of contempt sanctions -- including escalating fines against Defendants and a warrant for the arrest of Wolfgang Neuberger, the CEO of Biolitec, Inc. -- which would cease once Defendants unwound the enjoined merger.  780 F.3d at 423.  We remanded solely to direct the district court to cap the fines at a fixed amount.  Id. at 428.  In Biolitec III, we affirmed the district court's decision to sanction Defendants for discovery violations by entering a default judgment against

Defendants and awarding damages of approximately $75 million. 780 F.3d at 436-37. Defendants unsuccessfully petitioned for certiorari in both Biolitec II and Biolitec III. See Biolitec AG v. AngioDynamics, Inc., 136 S. Ct. 535 (2015).

Most recently, in Biolitec IV, we affirmed the district court's revised contempt order, which capped Defendants' total contempt liability at $70 million. 823 F.3d at 4, 10. We rejected Defendants' argument that the preliminary injunction had expired by its terms when the district court entered final judgment in favor of Plaintiff on March 18, 2014, and so the district court was "without authority" to enter its revised contempt order on April 24, 2015. Id. In rejecting this argument, we noted that Defendants failed to raise it in their prior appeals, id., and that "Defendants' window of opportunity" to do so had "closed with our twin decisions in Biolitec II and Biolitec III," id. at 5. This court rejected Defendants' subsequent petition for rehearing and rehearing en banc. Defendants' petition for certiorari was denied by the Supreme Court. See Biolitec AG v. AngioDynamics, Inc., 137 S. Ct. 631 (2017).

After our decision in Biolitec IV, Defendants filed what purported to be a Rule 60 motion in the district court, contending that the contempt sanctions "should be vacated because the order for which they were intended to coerce compliance" -- the preliminary injunction -- had "expired by its own terms." The

district court denied the motion on the grounds that Defendants had waived the argument, that this court had rejected the same argument in Biolitec IV, that Defendants' position was "contrary to the civil rules," and that Defendants' claim "lack[ed] substantive merit."

Defendants now appeal the district court's denial of their Rule 60 motion. They argue that their Rule 60 argument is not precluded by the law of the case doctrine or waiver because, they say, it raises distinct issues from those held to have been waived in Biolitec IV. They separately argue that "changing circumstances" make prospective application of the contempt orders inequitable; that continued enforcement of the contempt order amounts to the unconstitutional imposition of punitive contempt sanctions; and that our holding in Biolitec IV that they had waived the injunction-expiration argument was clearly erroneous. Because none of Defendants' arguments on appeal have any merit, we affirm.

As we held in Biolitec IV, Defendants waived their injunction-expiration argument. 823 F.3d at 4. The district court correctly held that the purported "new" injunction-expiration Rule 60 argument is not new at all, but the same argument that this court already had rejected. In fact, the section of Defendants' brief on this appeal that articulates Defendants' claim of a purported constitutional violation is an almost word-for-word reiteration of the section of Defendants' Biolitec IV brief that

presented Defendants' argument that the district court did not have authority to impose contempt sanctions. Moreover, Defendants' brief contains no argument as to why their challenge to the Rule 60 ruling, which, like their previously rejected jurisdictional argument, is predicated on the expiration of the preliminary injunction, is not similarly waived for not having been raised earlier. And while Defendants contended at oral argument that the district court premised its denial of the Rule 60 motion on its lack of jurisdiction to address it, the plain text of the order denying the Rule 60 motion makes clear that the District Court did not. Because Defendants' Rule 60 argument essentially rehashes the injunction-expiration argument that we deemed waived in Biolitec IV, the law of the case doctrine forecloses reconsideration of the former.[1] See Ellis v. United

---

[1] Even if Defendants' arguments based on the expiration of the preliminary injunction were somehow different from the ones they asserted in Biolitec IV, we would nonetheless decline to address these arguments because Defendants failed to raise them in their prior appeals. See Biolitec IV, 823 F.3d at 4-5 (citations omitted); United States v. Matthews, 643 F.3d 9, 12 (1st Cir. 2011) (noting that "the [law of the case] doctrine bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal" (emphasis added) (citation omitted)); see also Yakus v. United States, 321 U.S. 414, 444 (1944) (stating that claims based on constitutional rights can be waived "by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it").

Moreover, we expressed our skepticism as to the merits of Defendants' injunction-expiration argument in Biolitec IV. There, we emphasized that the contempt order's underlying purpose was to "keep[] assets available to satisfy a judgment." Biolitec IV, 823 F.3d at 10 n.7. Defendants acknowledged that they can

States, 313 F.3d 636, 646 (1st Cir. 2002) ("[U]nless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation."  (quoting Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 25 (1st Cir. 1997))).

We also find no abuse of discretion in the district court's denial of Defendants' motion for relief, purportedly under Rules 60(a) and 60(b)(5).  See Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007); Giroux v. Fed. Nat'l Mortg. Ass'n, 810 F.3d 103, 106 (1st Cir. 2016).  Rule 60(a) plainly does not apply; it provides for the correction of a judgment by a district court due to "clerical," "copying," or "computational" mistakes, Bowen Inv., 490 F.3d at 29 (quoting In re W. Tex. Mktg. Corp., 12 F.3d 497, 504-05 (5th Cir. 1994)), none of which are present here.  Nor does the motion fall within the language of Rule 60(b)(5), which affords relief from a judgment if that judgment "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

---

attempt to move BAG back to Germany to satisfy this purpose.  As such, the contempt sanctions retain their coercive character.  See United States v. Marquardo, 149 F.3d 36, 39-40 (1st Cir. 1998) (quoting Shillitani v. United States, 384 U.S. 364, 368 (1966)) (noting that subjects of a civil contempt order "have 'the keys [to their] prison in their own pockets,'" whereas subjects of a criminal contempt order are punished for their "disobedience with a judicial order . . . regardless of whether [they] later compl[y] with the order [they] had earlier violated").

applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). The contempt sanctions have not been "satisfied, released, or discharged," nor are they based on a judgment that has been "reversed or vacated." Id.

Nor is prospective application of sanctions inequitable. To the contrary, the relief Defendants seek would be inequitable. Moreover, the Supreme Court has held that, in order to show that the prospective application of a judgment is inequitable under the last clause of Rule 60(b)(5), a party seeking relief must point to "a significant change either in factual conditions or in law." Agostini v. Felton, 521 U.S. 203, 215 (1997) (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992)). There are no such changes here. All the Defendants have done is to restate previous arguments that have been rejected.

Affirmed. Costs are awarded to appellee.