**In re CAMBRIDGE BIOTECH CORPORATION, Debtor.**

**DELOITTE & TOUCHE LLP, Appellant,**

v.

**AQUILA BIOPHARMACEUTICALS, INC., Appellee.**

No. 94–43054–JFQ.
Bankruptcy Appeal No. 96–40192.
Adversary No. 96–40192–NMG.

United States District Court,
D. Massachusetts.

Oct. 28, 1997.

---

Thomas J. Dougherty, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, Eric H. Fisher, Deloitte & Touche LLP, New York City, for Appellant.

Joseph F. Ryan, Jeffrey L. Jonas, Anthony L. Gray, Andrew P. Strehle, Brown, Rudnick, Freed & Gesmer, Boston, MA, for Appellee.

## MEMORANDUM AND ORDER

GORTON, District Judge.

On September 3, 1996, Deloitte & Touche, LLP ("Deloitte") filed an appeal from an order of the Bankruptcy Court confirming the Plan of Reorganization (the "Plan") proposed by the debtor, Cambridge Biotech, Inc. ("Biotech" or "the Debtor"). Pending before this court is a Motion to Dismiss Appeal filed by Biotech's successor, Aquila Pharmaceuticals, Inc. ("Aquila"), on the ground of mootness.[1]

### I. Factual Background

In March, 1996, counsel who was then representing Biotech stockholders in a federal securities class action against Biotech ("Class Counsel"), brought various tort and contract claims on behalf of Biotech against Deloitte in Massachusetts Superior Court. Class Counsel's representation of Biotech in the state action was one component of the securities class action settlement agreement approved in another session of this District Court in April, 1996. Biotech's proposed Plan of Reorganization (the "Plan"), later confirmed by the Bankruptcy Court, incorporated the settlement agreement, including

---

1. The Plan included a provision that the Debtor spin off its biopharmaceutical business to a new company, Aquila. Following the spin off, the

Joint Motion of Aquila and Biotech for Substitution as Appellee was allowed on November 18, 1996.

the stipulation that Class Counsel would represent Biotech in the state action against Deloitte.

On July 9, 1996, Deloitte objected to the Plan on grounds pertaining to Biotech's representation by Class Counsel. Deloitte contended that Biotech had failed to obtain the Bankruptcy Court's approval before retaining Class Counsel and that such representation could not have been approved because Class Counsel was adverse to Biotech and not disinterested in the estate as required by 11 U.S.C. § 327.

The Bankruptcy Court, after finding that Deloitte lacked standing to object to Biotech's representation and that Class Counsel met the disinterestedness requirement of the Bankruptcy Code, overruled Deloitte's objections. That court did not address the other questions raised by Deloitte with respect to provisions of the Bankruptcy Code concerning prior approval of debtor's counsel or the adverse effect of Class Counsel's appointment on Deloitte (and other third parties). At the hearing, the Bankruptcy Court denied Deloitte's request for a stay of the confirmation order, and Deloitte appealed. It does not dispute Biotech's contention that the Plan of Reorganization has been substantially consummated.

## II. The Standard

■ A bankruptcy appeal must be dismissed for mootness where jurisdictional and equitable considerations render it impracticable for the appellate court to provide an effective remedy. *In re Public Service Co. of New Hampshire*, 963 F.2d 469, 471 (1st Cir. 1992). The jurisdictional component of the mootness doctrine enforces the general principle that courts are barred from deciding cases in which they cannot provide a remedy. *In re Stadium Management Corp.*, 895 F.2d 845, 848 (1st Cir.1990). The equitable component, which is specific to bankruptcy appeals, affords finality to bankruptcy court judgments in order to further the Bankruptcy Code policy of facilitating reorganization. *See In re Public Service Co. of New Hampshire*, 963 F.2d at 471–72. Both jurisdictional and equitable limits are implicated in this appeal.

## III. Analysis

### A. Jurisdictional Mootness

■ An appeal is moot when the reviewing court cannot provide a remedy. *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 132–33, 40 L.Ed. 293 (1895); *In re Continental Mortg. Investors*, 578 F.2d 872, 877 (1st Cir. 1978). Deloitte argues that the relief it requests, namely that this Court declare void Biotech's employment of Class Counsel and Class Counsel's filing of a claim in state court, is within the equitable power of the bankruptcy court. Insofar as Deloitte's goal is to void the state court filing, Deloitte implies that this Court should, in effect, dismiss the ongoing proceeding in the Massachusetts Superior Court. This Court, however, has no power to dismiss an ongoing state court proceeding. *Cf.* 28 U.S.C. § 1334(c)(2) (providing for mandatory abstention from hearing state law claims upon a party's motion where the only basis for jurisdiction is § 1334 and an action on the state law claims has already been commenced in state court). To the extent that Deloitte seeks dismissal of the state court action, this appeal is moot on jurisdictional grounds.

### B. Equitable Mootness

■ Although the primary purpose of the equitable mootness doctrine is to encourage finality in bankruptcy sales by protecting good faith purchasers, the policy of finality pervades the Bankruptcy Code and applies in situations other than transfers of property by a trustee. *In re Stadium Management Corp.*, 895 F.2d 845, 848 (1st Cir.1990).

■ Even where the issue on appeal is not such a transfer, substantial consummation of a plan of reorganization raises the "strong presumption" that an appellate court will not be able to fashion an equitable and effective remedy. *In re Public Service Co. of New Hampshire*, 963 F.2d at 474 n. 13; *see In re Olsen*, 861 F.2d 188, 190 (8th Cir.1988) (stating that the opportunity for parties and the bankruptcy court to make changes to a confirmed plan ends once the plan is substantially consummated). Indeed, under the Bankruptcy Code, this Court's power to modify a

plan of reorganization extends only from confirmation to substantial consummation. *See* 11 U.S.C. § 1127(b) (allowing proponent of the plan or the reorganized debtor to modify any time after confirmation and before substantial consummation); *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code.").

■ Furthermore, failure to obtain a stay of the Bankruptcy Court's confirmation order is grounds for dismissing an appeal for mootness. *See Matter of UNR Indus.,* 20 F.3d 766, 769–70 (7th Cir.1994) (failure to obtain a stay weighed in favor of mootness even though appellant repeatedly sought a stay); *In re Roberts Farms, Inc.,* 652 F.2d 793, 797 (9th Cir.1981) (finding failure to seek a stay of objectionable orders together with a substantial change of circumstances to be "an entirely separate and independent ground for dismissal").

■ Deloitte argues that, notwithstanding substantial consummation of the Plan and failure to obtain a stay, the relief it seeks does not implicate the policy of finality because declarations with respect to Biotech's employment of Class Counsel would have no effect on unrepresented third-party rights.[2] Deloitte distinguishes First Circuit precedents cited by Aquila and contends that majority and dissenting opinions in a recent Third Circuit case, *In re Continental Airlines,* 91 F.3d 553 (3d Cir.1996), *cert. denied sub nom. Bank of New York v. Continental Airlines, Inc.,* —— U.S.——, 117 S.Ct. 686, 136 L.Ed.2d 610 (1997), agree "that an appeal such as this is not moot where the District Court has the power to grant the relief sought and where parties not before the Bankruptcy Court will not be adversely affected."

Deloitte's contention is not supported by the opinion in *Continental Airlines.* In that case, the Third Circuit Court of Appeals affirmed a district court's mootness determination after analyzing the five factors considered by courts in deciding whether it is equitable to reach the merits of a bankruptcy appeal. Those factors are:

(1) whether the reorganization plan has been substantially consummated

(2) whether a stay has been obtained,

(3) whether the relief requested would affect the rights of parties not before the court,

(4) whether the relief requested would affect the success of the plan, and

(5) the public policy of affording finality to bankruptcy judgments.

*In re Continental Airlines,* 91 F.3d at 560. Throughout the analysis, the court emphasizes the "varying weight" given to different factors by different courts, with substantial consummation, failure to obtain a stay and the policy of finality generally being considered more important than the effects of relief (if granted) on third parties. *See, e.g., id.* at 560 (stating that while the five factors have been given different weights, substantial consummation rates "the foremost consideration"); *id.* at 561 (discussing failure to obtain a stay as an important factor in some decisions not to consider bankruptcy appeals). In rejecting the appellant's arguments in *Continental Airlines,* which were similar to Deloitte's contentions here, the Third Circuit found that, to overcome the presumption of mootness created by a consummated plan, failure to obtain a stay, the changed position of numerous parties and a multitude of irrevocable transactions, appellants would have "to proffer a powerful reason indeed." *Id.* at 566.

As the appellants in *Continental Airlines* failed to proffer such a reason, Deloitte fails here. Its argument that dismissal would "compromise the integrity of the [Bankruptcy] Code" is unpersuasive. Apparently, Deloitte believes that dismissal of this appeal would encourage debtors-in-possession to hire interested lawyers without seeking court approval, thereby undermining the bankruptcy courts ability to protect the interests of creditors in the value of the bankruptcy es-

---

**2.** Aquila counters that granting the relief requested by Deloitte would affect third parties because it would require reversing part of the confirmation order relied upon by "thousands of parties."

tate. Deloitte fails, however, to convince this Court that the requirement of prior court approval for the Debtor's retention of an attorney outweighs the policy of finality which pervades the entire Code.

Because the Plan has been substantially consummated, Deloitte failed to obtain a stay of the confirmation order, parties have altered their positions and multiple transactions have taken place in reliance on the order, Deloitte's appeal of the Bankruptcy Court's order confirming Biotech's plan of reorganization will be dismissed as moot.

### ORDER

For the foregoing reasons, Aquila's Motion to Dismiss Appeal (Docket No. 11) is **ALLOWED.**

So ordered.