**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

───────────────────────

**BAP NO. MB 18-020**

───────────────────────

**Bankruptcy Case No. 16-13549-FJB**

───────────────────────

**ANWAR M. IBRAHIM,**
**Debtor.**

───────────────────────

**ANWAR M. IBRAHIM,**
**Appellant,**

**v.**

**CAROLYN A. BANKOWSKI, Chapter 13 Trustee,**
**Appellee.**

───────────────────────────────────────────

**BAP NO. MB 18-037**

───────────────────────

**Bankruptcy Case No. 16-13549-FJB**

───────────────────────

**ANWAR M. IBRAHIM,**
**Debtor.**

───────────────────────

**ANWAR M. IBRAHIM,**
**Appellant,**

**v.**

**GOSHEN MORTGAGE REO, LLC,**
**Appellee.**

───────────────────────

———————————————————

**Appeals from the United States Bankruptcy Court
for the District of Massachusetts
(Hon. Joan N. Feeney, U.S. Bankruptcy Judge)**

———————————————————

**Before
Tester, Cabán, and Fagone,
United States Bankruptcy Appellate Panel Judges.**

———————————————————

**Anwar M. Ibrahim, Pro Se, on brief for Appellant.
Carolyn A. Bankowski, Esq., and Patricia A. Remer, Esq., on brief for Appellee,
Carolyn A. Bankowski, Chapter 13 Trustee.
Edward M. Gainor, Esq., on brief for Appellee, Goshen Mortgage REO, LLC.**

———————————————————

**August 28, 2019**

———————————————————

**Per Curiam.**

Anwar M. Ibrahim (the "Debtor") appeals from the following bankruptcy court orders: (1) the order denying his motion to vacate the dismissal of his case; (2) the order denying his motion to file an amended plan as moot in light of the dismissal of his case; and (3) the order denying reconsideration of the denial of his request for sanctions against Goshen Mortgage REO, LLC ("Goshen") for alleged violations of the automatic stay.[1] For the reasons set forth below, we **AFFIRM** all three orders.

## BACKGROUND[2]

### I.    Pre-Bankruptcy Events

In 2008, the Debtor purchased a two-family dwelling in Malden, Massachusetts (the "Property"), which he financed with a mortgage loan from Guidance Residential, LLC ("Guidance").

In October 2008, the Property was converted into two condominiums. The Debtor retained Unit 2 as his personal residence, and he sold Unit 1 to his sister, Muna Ibrahim. A few years later, JPMorgan Chase Bank ("JPMorgan"), which held a mortgage on Unit 1, conducted a foreclosure sale of Unit 1 and executed a foreclosure deed in favor of Federal National Mortgage Association ("Fannie Mae"). Thereafter, Fannie Mae commenced a summary process action in

---

[1] The first two orders are the subject of BAP No. MB 18-020, and the third order is the subject of BAP No. MB 18-037. Although these appeals have not been administratively joined, we issue one opinion as both appeals involve the same nucleus of facts.

[2] The background set forth herein is gleaned from the submissions of the parties in this appeal, and from the bankruptcy court's docket. See U.S. Bank N.A. v. Blais (In re Blais), 512 B.R. 727, 730 n.2 (B.A.P. 1st Cir. 2014) (stating the Panel "may take judicial notice of the bankruptcy court's docket and imaged papers"). All references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure and all references to "Rule" are to the Federal Rules of Civil Procedure.

3

the state court seeking to evict Muna Ibrahim and the Debtor as the occupants of Unit 1. The state court entered a judgment of possession and an execution in Fannie Mae's favor, and the contents of Unit 1 were removed from the premises. Thereafter, in August 2015, JPMorgan sold Unit 1 to Goshen.

In late 2010, Guidance conducted a foreclosure sale of Unit 2, and executed a foreclosure deed in favor of Federal Home Loan Mortgage Corporation. Thereafter, Goshen purchased Unit 2 and commenced eviction proceedings against the Debtor. In June 2015, the state court awarded a judgment of possession and an execution with respect to Unit 2 in favor of Goshen.

What transpired thereafter with respect to Unit 2 is unclear, but it appears that Goshen commenced another state court eviction proceeding and the state court entered a judgment of possession in Goshen's favor in September 2016. Between November 2016 and March 2017, while the Debtor's bankruptcy case was pending, the state court held at least five "status review" hearings in the eviction proceedings. The Debtor later claimed, in his bankruptcy case, that those hearings violated the automatic stay.

## II.     Bankruptcy Proceedings

### A.     Bankruptcy Filing

The Debtor filed a chapter 13 petition in September 2016. Notwithstanding the foreclosure sales and eviction proceedings, the Debtor listed the Property as his current address on his petition. He also indicated on his bankruptcy schedules that he was the sole owner of the Property, and he claimed a Massachusetts homestead exemption with respect to the Property. He listed Goshen as holding a claim in the amount of $0.00 secured by the Property.[3]

---

[3] He also listed Guidance, who is not a party to either of these appeals, as holding a claim in the amount of $600,000 secured by the Property. He indicated that he owed the debt to Guidance with a non-debtor, 2004-0000446, LLC, and that the nature of the lien securing the debt was a "first mortgage."

**B.    Debtor's First Chapter 13 Plan, Trustee's Objection, and Denial of Confirmation**

In his initial chapter 13 plan, the Debtor proposed to make monthly payments of $249 through the plan for 36 months, and to pay a 5% dividend to unsecured creditors. The plan did not provide for the payment of any secured claims. The chapter 13 trustee (the "Trustee") objected to confirmation of the plan arguing, among other things, that it failed to provide any treatment for secured claims. On November 29, 2016, the bankruptcy court entered an order sustaining the Trustee's objection to confirmation and ordering the Debtor to file an amended plan within 30 days.

**C.    Trustee's Objection to Claimed Homestead Exemption**

The Trustee objected to the Debtor's claimed homestead exemption on the grounds that the Debtor no longer held title to the Property and, therefore, could not claim a homestead exemption in the Property. After a hearing on December 1, 2016, the bankruptcy court entered an order ("December 2016 Order") directing the Debtor to file a response to the Trustee's objection to the homestead exemption by December 16, 2016, and to file "any adversary proceeding(s) with respect to the subject property" by January 6, 2017.[4] The Debtor then filed a response alleging that he could claim a homestead exemption because he was the "rightful owner of the Property" as the foreclosure sales of Units 1 and 2 were "invalid." The Debtor did not, however, commence an adversary proceeding by the January 6, 2017 deadline set forth in the December 2016 Order.

---

[4] With respect to the adversary proceeding deadline, the bankruptcy court, in a later order, explained: "Addressing Debtor's counsel's arguments that the prepetition foreclosure was wrongful and invalid, the Court ruled that such allegations required the commencement of an adversary proceeding, and ordered the Debtor to file an adversary complaint by January 6, 2017."

### D. Amended Plan, Amended Schedules, and Trustee's Objections

On January 17, 2017, the Debtor filed an amended chapter 13 plan and a Motion to File Amended Plan. Again, the proposed plan failed to provide any treatment for the secured claims listed on the Debtor's schedules. The Debtor also filed certain amended schedules, in which he continued to list an ownership interest in the Property and to claim a homestead exemption.

The Trustee filed another objection to the Debtor's claimed homestead exemption, restating the arguments previously presented in her prior objection. She also objected to the amended plan, arguing that it failed to provide any treatment for secured claims and the Debtor had failed to file an adversary proceeding "with respect to the Property and the alleged invalid foreclosure[s]" as required by the December 2016 Order. The Debtor did not file a response to either objection.

### E. The February 2017 and March 2017 Orders

On February 27, 2017, the bankruptcy court entered an order sustaining the Trustee's objection to the amended plan, and ordering the Debtor to file another amended plan within 30 days, "failing which the case [would] be dismissed." The Debtor did not comply with the court's order.

After a March 17, 2017 hearing on the Trustee's objection to the claimed homestead exemption, the bankruptcy court ordered the Debtor to file a supplemental response to the objection by March 30, 2017, along with a title search for the Property. Despite receiving an extension of that deadline, the Debtor failed to comply with the court's order.

### F. Stay Violation Motion and Goshen's Objection

Also in March 2017, the Debtor filed a motion entitled "Emergency [M]otion for an Injunction/ Restraining Order and [H]earing for [V]iolations" (as supplemented, the "Stay

6

Violation Motion"). In the Stay Violation Motion, the Debtor averred that Goshen had willfully violated the automatic stay by continuing, after the bankruptcy filing, state court eviction proceedings against him. According to the Debtor, the post-petition "status review" hearings held by the state court violated the automatic stay. Thus, he sought damages for emotional distress, as well as attorney's fees and punitive damages.

Goshen opposed the motion, contending that the automatic stay did not apply because the Debtor "has no legal or equitable property interest [in either Unit 1 or Unit 2] to be protected," and denied that it had taken any action in violation of the automatic stay.

### G. Order Denying Stay Violation Motion

Construing the Stay Violation Motion as one for damages under 11 U.S.C. § 362(k) for violations of the automatic stay, the bankruptcy court held an evidentiary hearing on December 12, 2017. The Debtor testified at the hearing.[5] Goshen presented two witnesses—Constable Nick Nicosia, who testified as to Debtor's post-foreclosure eviction from the Property, and Attorney Daniel Murphy, who represented JPMorgan in one of the state court eviction proceedings and testified as to various post-foreclosure proceedings against the Debtor. After the hearing, the parties submitted post-trial briefs as ordered by the court.

On February 27, 2018, the bankruptcy court entered an order denying the Stay Violation Motion (the "Order Denying Stay Violation Motion"). In an accompanying decision, the bankruptcy court set forth extensive factual findings regarding the various pre-bankruptcy foreclosure and eviction proceedings against the Debtor and/or his children in the state court

---

[5] Throughout his testimony, the Debtor complained that the foreclosure sales of Units 1 and 2 were wrongful and invalid. He also complained extensively about pre-petition actions taken by Goshen, including the institution of criminal proceedings. The bankruptcy court determined that the Debtor's testimony was "evasive and unreliable" and gave it little weight.

7

relating to the Property. The bankruptcy court ultimately concluded that the Debtor had failed to

establish a willful violation of the automatic stay by Goshen, stating:

> [T]he Court finds that the Debtor did not establish a willful violation of the automatic stay by Goshen with respect to the Fourth Eviction action after the commencement of the Debtor's case as a result of the Status Review hearings that were conducted by the Malden District Court. Specifically, the Debtor failed to submit any convincing evidence that Goshen took any actions in violation of the automatic stay. He did not submit evidence that Goshen was responsible for scheduling the various hearings that took place in the Malden District Court after he commenced his Chapter 13 case; he did not submit any evidence of any actions that Goshen took or representations or arguments that Goshen through its counsel may have made at the hearings that took place in the Fourth Eviction action. In sum, he fell far short of his burden of proof under § 362(k). . . .
>
> The Debtor complained vociferously about actions taken by Goshen prior to the commencement of his case, including the institution of criminal proceedings, and he complained about moneys that he had to expend to obtain representation. Those actions by Goshen were not prohibited by the automatic stay as it was not in effect, and monies expended by the Debtor to defend prepetition actions are not compensable. The Court found the Debtor's testimony to be evasive and unreliable. The Debtor moved between Units 1 and 2 over the course of the various eviction actions and has made no mortgage payments or use and occupancy payments since 2009. He has no legal or equitable interest in the Property, except a bare possessory interest.
> . . . .
>
> Although the Debtor has made certain allegations that the foreclosure of the Property was wrongful, those issues are not relevant to this contested matter. The Debtor's equity of redemption was foreclosed years ago. Moreover, he was not the owner of Unit 1. He has not challenged the foreclosure in this case, although the Court gave him a deadline for filing an adversary complaint to properly raise those claims, even though he failed to list them on either his original or amended Schedule A/B. Moreover, there is no dispute that he raised claims of wrongful foreclosure in the eviction action relating to Unit 1 in the Malden District Court, which granted judgment of eviction for the plaintiff, presumably finding against the Debtor on any claims of wrongful eviction. . . .

The Debtor did not file a timely appeal of the Order Denying Stay Violation Motion.

8

**H. Motion to Dismiss Case and Debtor's Objection**

About one month prior to the entry of the Order Denying Stay Violation Motion, the Trustee filed a motion to dismiss the Debtor's bankruptcy case ("Motion to Dismiss"). The Trustee alleged there were grounds for dismissal under § 1307(c) for unreasonable delay that is prejudicial to creditors due to the Debtor's failure to file a confirmable plan or to commence an adversary proceeding as required by the December 2016 Order.

In an objection to the Motion to Dismiss, the Debtor: (1) admitted that he had not commenced an adversary proceeding or filed an amended plan as required by the bankruptcy court's orders; (2) stated that he was "reviewing his schedules and statements for any needed revisions" and would then "file an amended plan"; and (3) denied that there were grounds under § 1307(c) for dismissal of the case under "the circumstances of this case," because "there are very few creditors other than the mortgagee."

**I. Complaint Against Goshen**

On May 17, 2018, the day of the hearing on the Motion to Dismiss, the Debtor commenced an adversary proceeding against Goshen, seeking a determination that: (1) the Debtor had an ownership interest in the Property which constituted property of the bankruptcy estate; (2) allegations made by Goshen in pre-bankruptcy litigation and in the bankruptcy case "constituted disparagement of [the Debtor]'s title to the home"; and (3) allegations made by Goshen caused the Debtor "severe emotional distress."

**J. Dismissal Order**

At the May 17, 2018 hearing on the Motion to Dismiss, the bankruptcy court concluded that the Debtor had engaged in unreasonable delay that was prejudicial to creditors by failing to timely commence the adversary proceeding and failing to properly address the secured claims

through an amended plan. The court then entered an order granting the Motion to Dismiss (the

"Dismissal Order"), which provided:

> Upon consideration of the Debtor's failure to comply with the Court's Orders dated December 1, 2016 (Doc. No. 55) and February 27, 2017 (Doc. No. 93) and the other grounds asserted by the Trustee in her Motion to Dismiss, the Court finds that cause exists to dismiss the Debtor's case for unreasonable delay which has been prejudicial to creditors. See 11 U.S.C. [§] 1307(c)(1).

The Debtor did not file a timely appeal of the Dismissal Order.

### K.        Motion to Vacate Dismissal Order and Order Denying Motion to Vacate Dismissal

On June 1, 2018, fifteen days after the entry of the Dismissal Order, the Debtor filed a

Motion to Vacate Bankruptcy Dismissal ("Motion to Vacate Dismissal"), raising allegations of

fraud by Goshen in connection with the state court eviction proceedings and perjury by Goshen's

witnesses at the hearing on the Stay Violation Motion.[6] He urged the court to vacate the

Dismissal Order and "schedule an evidentiary hearing in regards to the fraud committed upon

th[e] court . . . ." He did not provide any statutory or other legal authority for the relief

requested. Nor did he explain his failure to comply with court orders directing him to amend his

plan and to commence an adversary proceeding.

---

[6] Specifically, the Debtor alleged:

> [T]he Debtor believes the creditor Goshen Mortgage REO, committed fraud upon the court since the Debtor's children were removed from the Malden Court proceedings on 10/6/16 and [Goshen] was the only party to the eviction proceedings after 10/6/16 [ ]. The so called status hearings were in fact hearings in which Attorney Gainor [Goshen's counsel] brought the same motion in which he argued the Automatic Stay [didn't] apply to the Debtor since he was a trespasser. [ ] Attorney Gainor was able to secure numerous Jury trials through this argument. . . .

The Debtor also asserted: "The other witnesses who testified[,] [ ] Attorney Gainor and the Constable[,] also committed perjury on the witness stand by lying about the facts."

On that same day, the court—without a hearing—entered an order denying the Motion to Vacate Dismissal ("Order Denying Motion to Vacate Dismissal"), stating:

> The Debtor has not asserted grounds under, and indeed has not even cited to, Fed. R. Bankr. P. 9023 or 9024, to warrant reconsideration of the Court's 05/17/18 Order dismissing the case. The Debtor has not established any "newly discovered evidence or a manifest error of fact or law" with respect to the [D]ismissal Order. See In re Wedgestone Financial, 142 B.R. 7, 8 (Bankr. D. Mass. 1992). Moreover, the assertions in this Motion appear to [be] an untimely attempt to seek review of this Court's Memorandum and Order dated 02/27/18 (Doc. Nos. 178 and 179) [denying the Stay Violation Motion] which were not appealed by the Debtor.

**L.      Order Denying Motion to Amend Plan**

A few days later, on June 4, 2018, the bankruptcy court entered an endorsed order ("Order Denying Motion to Amend Plan") with respect to the Motion to Amend Plan which provided: "The Motion is moot in light of the dismissal of the Debtor's case."

**III.     Subsequent Events[7]**

**A.      The First Appeal (BAP No. MB 18-020)**

On June 7, 2018, the Debtor filed a notice of appeal ("First Appeal") with respect to the following items: (1) Memorandum of Decision with respect to the Order Denying Stay Violation Motion; (2) Order Denying Stay Violation Motion; (3) "Certificate of Notice" regarding the Memorandum of Decision; (4) "Certificate of Notice" regarding the Order Denying Stay

---

[7] While these appeals were pending, the Debtor filed two new bankruptcy cases. He filed a chapter 13 petition on April 9, 2019, but the bankruptcy court dismissed the case on June 24, 2019 upon the Debtor's request. See Case No. 19-11172-FJB. Three days later, on June 27, 2019, the Debtor filed a third chapter 13 petition. See Case No. 19-12211-FJB. That case remains pending. As the matters before us are easily decided on the merits, we express no opinion as to whether the pendency of a new chapter 13 case precludes our consideration of these appeals. See McKeague v. One World Techs., Inc., 858 F.3d 703, 707 (1st Cir. 2017) (recognizing a "strong presumption in favor of deciding cases on the merits") (citations omitted).

11

Violation Motion; (5) the Dismissal Order; (6) the Order Denying Motion to Vacate Dismissal; (7) the "Notice of Dismissal"; and (8) the Order Denying Motion to Amend Plan.

On July 2, 2018, the Panel entered a Judgment of Partial Dismissal dismissing the appeal as to all of the identified items, except the Order Denying Motion to Vacate Dismissal and the Order Denying Motion to Amend Plan.[8] Therefore, the First Appeal is limited to a review of the Order Denying Motion to Vacate Dismissal and the Order Denying Motion to Amend Plan.

**B.      Order Denying Reconsideration of Denial of Stay Violation Motion**

On July 19, 2018, almost five months after the entry of the Order Denying Stay Violation Motion, the Debtor filed a motion seeking reconsideration of that order. As grounds, the Debtor raised the same arguments he presented in the Motion to Vacate Dismissal—that Goshen had "committed fraud upon the court" in the state court eviction proceedings and at the hearing on the Stay Violation Motion.

On August 8, 2018, the bankruptcy court entered an endorsed order ("Order Denying Reconsideration of Denial of Stay Violation Motion") denying the motion as "moot in light of the dismissal of the Debtor's case."

---

[8] The Panel determined that the Memorandum of Decision, the Certificates of Notice, and the Notice of Dismissal were not judgments, orders, or decrees, and, therefore, were not properly the subject of a notice of appeal. See Fed. R. Bankr. P. 8003(a)(1). It also determined that the notice of appeal was untimely as to both the Order Denying Stay Violation Motion and the Dismissal Order. The notice of appeal was filed 69 days after the entry of the Order Denying Stay Violation Motion. The notice of appeal was filed 21 days after entry of the Dismissal Order, and the Motion to Vacate Dismissal did not toll the appeal period for the Dismissal Order because it was not filed within 14 days of the entry of the order. See Rodriguez Rodriguez v. Banco Popular de P.R. (In re Rodriguez Rodriguez), 516 B.R. 177, 183 (B.A.P. 1st Cir. 2014) (holding that post-judgment motion filed more than 14 days after entry of dismissal order did not toll appeal period as to that order). The notice of appeal was, however, timely filed with respect to the Order Denying Motion to Vacate Dismissal and the Order Denying Motion to Amend Plan.

### C. The Second Appeal (BAP No. MB 18-037)

On August 22, 2018, the Debtor filed a notice of appeal ("Second Appeal") in which he identified 54 matters he intended to appeal, including several of the matters which he had identified in the First Appeal. In an order dated September 14, 2018, the Panel determined that the Second Appeal was limited to a review of the Order Denying Reconsideration of Denial of Stay Violation Motion.[9]

## APPELLATE JURISDICTION

### I. Scope of the Appeal

When assessing its jurisdiction, we must first identify the scope of the appeal. Three orders survived the Panel's initial jurisdictional screening of these appeals—the Order Denying Motion to Vacate Dismissal, the Order Denying Motion to Amend Plan, and the Order Denying Reconsideration of Denial of Stay Violation Motion. The Debtor does not, however, challenge or even address the Order Denying Motion to Amend Plan in his appellate brief. Consequently, he has waived his appeal of that order.[10] See Canning v. Beneficial Me., Inc. (In re Canning),

---

[9] The Panel struck the matters which were originally presented in the First Notice of Appeal. Furthermore, because a party may only appeal a single order with the filing of a notice of appeal, the Panel stated that it was treating the appeal "exclusively" as an appeal from the Order Denying Reconsideration of Denial of Stay Violation Motion. The Panel instructed the Debtor to file separate notices of appeal for any other items he wished to appeal. The Debtor did not file any additional notices of appeal.

[10] Furthermore, even if not waived, the Debtor's appeal of the Order Denying Motion to Amend Plan would be moot. A bankruptcy appeal is moot where jurisdictional and equitable considerations render it impracticable for the appellate court to provide an effective remedy. Deloitte & Touche LLP v. Aquila Biopharmaceuticals, Inc. (In re Cambridge Biotech Corp.), 214 B.R. 429, 431 (D. Mass. 1997). Because the underlying bankruptcy case has been dismissed (and, as discussed below, we affirm the Order Denying Motion to Vacate Dismissal), we could not afford the Debtor any effective relief. Even if we were to reverse the Order Denying Motion to Amend Plan, the Debtor could not file an amended plan in a dismissed case. See United Sur. & Indem. Co. v. P.R. Elec. Power Auth. (In re Industrias Vassallo, Inc.), BAP No. PR 15-046, 2016 Bankr. LEXIS 2944, at *28 (B.A.P. 1st Cir. Aug. 5, 2016) (ruling that the Panel's affirmance of judgment dismissing case rendered the issues raised in certain interlocutory orders moot as there was no "case or controversy to support jurisdiction").

13

706 F.3d 64, 70 n.7 (1st Cir. 2013) (stating that appellants waived issue by failing to raise it in their opening brief); Evans Cabinet Corp. v. Kitchen Int'l, Inc., 593 F.3d 135, 148 n.20 (1st Cir. 2010) (same); Ortiz v. Gaston Cnty. Dyeing Mach. Co., 277 F.3d 594, 598 (1st Cir. 2002) (stating that the First Circuit has "repeatedly [] warned litigants that failure to brief an argument will result in waiver for purposes of appeal") (citation omitted). Our review in these appeals, therefore, is limited to the Order Denying Motion to Vacate Dismissal and the Order Denying Reconsideration of Denial of Stay Relief Motion.

## II. Finality

"Pursuant to 28 U.S.C. §§ 158(a) and (b), the Panel may hear appeals from 'final judgments, orders, and decrees[.]'" Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998); see also Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1692, 1695 (2015) (discussing the Panel's jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a)). "An order denying reconsideration is final if the underlying order was final and together they end the litigation on the merits." Hamilton v. Appolon (In re Hamilton), 399 B.R. 717, 720 (B.A.P. 1st Cir. 2009). As an order dismissing a bankruptcy case is a final order, see Stevenson v. TND Homes I, LP (In re Stevenson), 583 B.R. 573, 578 (B.A.P. 1st Cir. 2018) (citations omitted), the Order Denying Motion to Vacate Dismissal (which the bankruptcy court construed as a motion for reconsideration) is also final.[11]

Similarly, a bankruptcy court's order denying a motion for damages for willful violations of the automatic stay under § 362(k) is a final, appealable order, see Jones v. Boston Gas Co.

---

[11] See Reynolds v. Bank of Canton (In re Reynolds), 455 B.R. 312, 317 (D. Mass. 2011) (construing motion to vacate an order as a motion for relief from judgment under Bankruptcy Rule 9024, which adopts Rule 60).

(In re Jones), 369 B.R. 745, 747 (B.A.P. 1st Cir. 2007) ("A bankruptcy court's order determining whether there has been a violation of the automatic stay is a final order that supports appellate jurisdiction . . . .") and, therefore, the Order Denying Reconsideration of Denial of Stay Violation Motion is also final.

In light of the foregoing, we have jurisdiction to consider these appeals.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Jeffrey P. White & Assocs., P.C. v. Fessenden (In re Wheaton), 547 B.R. 490, 496 (B.A.P. 1st Cir. 2016) (citation omitted). "An order denying a reconsideration motion may normally be reversed only for a manifest abuse of discretion." Asociación de Titulares de Condominio Castillo v. DiMarco (In re Asociación de Titulares de Condominio Castillo), 581 B.R. 346, 355 (B.A.P. 1st Cir. 2018) (citations omitted). An order denying a motion to vacate is also reviewed for abuse of discretion. See In re Mayhew, 223 B.R. 849, 854-55 (D.R.I. 1998). A court abuses its discretion if it "relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the correct mix of factors but makes a clear error of judgment in weighing them." Bacardí Int'l Ltd. v. V. Suárez & Co., 719 F.3d 1, 9 (1st Cir. 2013) (citation omitted).

## DISCUSSION

### I. Order Denying Motion to Vacate Dismissal Order

In the First Appeal, the Debtor challenges the bankruptcy court's denial of his motion to vacate the Dismissal Order. In the Motion to Vacate Dismissal, the Debtor did not provide any statutory basis for the relief requested. The bankruptcy court, however, construed the motion as a motion for reconsideration, determined that the Debtor had not asserted grounds under

15

Bankruptcy Rule 9023 or 9024, and denied the motion for failure to demonstrate "newly discovered evidence or a manifest error of fact or law" with respect to the Dismissal Order. We must consider whether the bankruptcy court abused its discretion.

**A.    Applicable Standard**

The Bankruptcy Rules do not specifically provide for a motion to vacate an order. "However, [d]epending on the time that the motion is served, a motion to . . . vacate may be treated either as a motion to alter or amend the judgment under Rule 59(e), made applicable by Bankruptcy Rule 9023, or as a motion for relief from judgment under Rule 60(b), made applicable by Bankruptcy Rule 9024." Ramirez Rosado v. Banco Popular de P.R. (In re Ramirez Rosado), 561 B.R. 598, 607 (B.A.P. 1st Cir. 2017) (citation omitted) (internal quotation marks omitted). Because the Debtor filed the Motion to Vacate Dismissal more than 14 days after the entry of the Dismissal Order, it could not be treated as a motion to alter or amend a judgment under Rule 59(e). See Fed. R. Bankr. P. 9023 (mandating that a motion "to alter or amend a judgment [under Rule 59(e)] shall be filed . . . no later than 14 days after entry of judgment"). Therefore, it must be treated as one seeking relief under Rule 60(b). See In re Asociación de Titulares, 581 B.R. at 355 (stating that motion for reconsideration which is filed more than 14 days after the entry of judgment must be treated as one brought under Rule 60(b)) (citations omitted).

Rule 60(b) provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

16

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Bankruptcy courts have broad discretion in deciding motions for relief under Rule 60(b)." Roman v. Carrion (In re Rodriguez Gonzalez), 396 B.R. 790, 802 (B.A.P. 1st Cir. 2008) (citing Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 63 (1st Cir. 2001)). "The denial of a Rule 60(b) motion should be reviewed with 'the understanding that relief under Rule 60(b) is extraordinary in nature and that motions invoking that rule should be granted sparingly.'" Id. (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002), and citing U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 51 (1st Cir. 2002)).

## B.    Applying the Standard

Although the Debtor sought to vacate the Dismissal Order, the Motion to Vacate Dismissal was not couched in a statutory framework and did not invoke the standards for relief set forth in Rule 60(b). Consequently, the Debtor's arguments in the proceedings below, and on appeal, are devoid of any reference to the Rule 60(b) standards for relief from judgment. Even if we were to infer that he intended the Motion to Vacate Dismissal to be a Rule 60(b) motion, he still failed to satisfy the Rule 60(b) standard. The Debtor did not assert, nor does the record reflect, any circumstances which would constitute mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1). Nor did he offer any newly discovered evidence. See Fed. R. Civ. P. 60(b)(2). He did not allege that the Dismissal Order was void, or that it had been satisfied, discharged, or released in some way. See Fed. R. Civ. P. 60(b)(4) & (5). Instead, he

17

alleged that Goshen had violated the automatic stay and that the foreclosure sales were invalid. He also alleged that Goshen had "committed fraud upon the court" in connection with the state court eviction proceedings at the hearing on the Stay Violation Motion. Allegations of fraud fall, arguably, under Rule 60(b)(3).

### 1. Rule 60(b)(3)

Pursuant to Rule 60(b)(3), the bankruptcy court may relieve a party from a final judgment where an adversary has used "fraud . . . , misrepresentation, or misconduct" to obtain the judgment. See Fed. R. Civ. P. 60(b)(3); see also Karak, 288 F.3d at 20. To obtain relief from a final order under Rule 60(b)(3), the moving party must show: (1) by "clear and convincing evidence" that the adverse party engaged in fraud or other misconduct that resulted in the entry of the order; and (2) that the asserted misconduct prevented the moving party from "full and fair preparation or presentation of [his] case." Karak, 288 F.3d at 21 (citing Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)).

The Debtor's accusations of fraud focus on Goshen's conduct in connection with the state court eviction proceedings and allegations of perjury by Goshen's witnesses at the hearing on the Stay Violation Motion. These assertions do not, however, support a motion for relief from the Dismissal Order under Rule 60(b)(3). First, the alleged fraudulent conduct did not give rise to the entry of the Dismissal Order. Rather, the bankruptcy court dismissed the Debtor's case due to his failure to comply with court orders to file a confirmable plan and commence an adversary proceeding.

Moreover, to meet the second requirement under Rule 60(b)(3), the asserted misconduct "must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed [to judgment]." Id. (quoting Anderson, 862 F.2d at 924). The burden is on the

18

movant to make this showing.  Id.  Nowhere does the Debtor argue, or the record suggest, that the Trustee secured dismissal of the Debtor's case by fraudulent means which prevented the Debtor from fully presenting his case on the Motion to Dismiss.  The Debtor did not point to, and the record does not reflect, any fraud, misrepresentation, or misconduct in connection with the entry of the Dismissal Order.  Therefore, the Debtor has not established that he was entitled to relief from the Dismissal Order under Rule 60(b)(3).

### 2.     Rule 60(b)(6)

Furthermore, Rule 60(b)(6), the only potentially applicable subsection of Rule 60(b) remaining, does not provide the Debtor with a basis for obtaining relief from the Dismissal Order.  That rule provides relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  "This is the 'catch-all' provision, 'appropriate only when none of the first five sections pertain.'"  Ross v. Garcia (In re Garcia), 532 B.R. 173, 181-82 (B.A.P. 1st Cir. 2015) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 891 n.9 (1st Cir. 1997)).  "A movant pursuing a Rule 60(b)(6) claim 'faces formidable hurdles.'"  Id. at 182 (citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir. 1997)).  "Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought."  In re Rodriguez Gonzalez, 396 B.R. at 803 (citation omitted); see also Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) ("If a party is partly to blame, Rule 60(b)(6) relief is not available to that party . . . .") (citations omitted) (internal quotation marks omitted).

Here, the Debtor did not argue, and the record does not reflect, any "exceptional circumstances justifying extraordinary relief."  See In re Garcia, 532 B.R. at 182.  Even if the Debtor's allegations of fraud by Goshen in the state court eviction proceedings and in connection

with the hearing on the Stay Relief Motion were true, they do not demonstrate why the Debtor failed to file a confirmable plan or to timely commence an adversary proceeding as directed by the bankruptcy court. Those matters were completely within the Debtor's control and, therefore, he is at fault for his predicament. See In re Rodriguez Gonzalez, 396 B.R. at 803 (determining there were no extraordinary circumstances warranting relief under Rule 60(b) where plaintiffs "were entirely at fault for the predicament in which they found themselves"). In short, there are no special circumstances evident in the record which would have justified granting the Debtor relief from the Dismissal Order.

In light of the foregoing, we conclude that the bankruptcy court did not abuse its discretion in denying the Motion to Vacate Dismissal. And, as the Dismissal Order itself was not timely appealed, we need not consider whether the bankruptcy court erred in dismissing the case for cause under § 1307(c). See In re Garcia, 532 B.R. at 182 (limiting review on appeal to whether debtor demonstrated an entitlement to relief from judgment under Rule 60(b) where appellant did not timely appeal the underlying order). A Rule 60(b) motion should not become a substitute for a timely appeal or a convenient way to escape the 14-day appeal period of Bankruptcy Rule 8002(a)(1). See Giroux v. Fed. Nat'l Mortg. Ass'n, 810 F.3d 103, 108 (1st Cir. 2016) (stating that a Rule 60(b) motion is not a substitute for a timely appeal).

## II. Order Denying Reconsideration of Denial of Stay Violation Motion

In the Second Appeal, the Debtor challenges the bankruptcy court's denial of his request for reconsideration of the Order Denying Stay Violation Motion. The bankruptcy court determined that the Debtor's request for reconsideration was moot in light of the dismissal of the bankruptcy case, and declined to consider it on the merits. We conclude that the bankruptcy court did not abuse its discretion in denying reconsideration.

20

Section 349(b) governs the effect of a dismissal order.  See 11 U.S.C. § 349(b); see also Gonzalez-Ruiz v. Doral Fin. Corp. (In re Gonzalez-Ruiz), 341 B.R. 371, 385 (B.A.P. 1st Cir. 2006).  It provides that, upon dismissal of a bankruptcy case, the estate is dissolved and property of the estate is revested in the entity in which such property was vested prior to the bankruptcy filing.  See 11 U.S.C. § 349(b).  Based upon the operation of § 349, it is generally recognized that when a case is dismissed, the bankruptcy court no longer retains jurisdiction over matters related to the debtor's bankruptcy case because such jurisdiction requires a "nexus" between the underlying bankruptcy case and the related proceedings.  Porges v. Gruntal & Co. (In re Porges), 44 F.3d 159, 162 (2d Cir. 1995).  Therefore, "[t]he natural consequence of dismissing a case is often that there are pending matters which become moot upon entry of the dismissal order."  In re OptinRealBig.com, LLC, No. 05-16340 HRT, 2006 WL 1897135, at *2 (D. Colo. July 11, 2006).

It is well established, however, that a *pending* motion under § 362(k) for willful violation of the automatic stay survives the dismissal of the bankruptcy case because the purpose of such proceedings—"to compensate victims of violations of the automatic stay and punish the violators"—"is not negated by dismissal of the underlying bankruptcy case."  Johnson v. Smith (In re Johnson), 575 F.3d 1079, 1083 (10th Cir. 2009); see also In re Jones, 369 B.R. at 748 (determining that "an action under § 362([k]) for damages for willful violation of the automatic stay[] survives the dismissal of the bankruptcy case") (citing cases).  Here, however, neither the Stay Violation Motion nor the Motion for Reconsideration were pending at the time the case was dismissed.  The Debtor did not file a timely appeal of the Order Denying Stay Violation Motion and did not file the Motion for Reconsideration until *after* the bankruptcy court dismissed his case.  Therefore, there was no pending § 362(k) motion which survived dismissal.

In any event, the Debtor did not address any of the standards warranting relief from judgment under Rule 60(b) in his Motion for Reconsideration, nor does he address them in his appellate brief.[12]  Rather, the Debtor simply rehashes the same arguments presented to the bankruptcy court below, both in connection with the Stay Relief Motion and the Motion to Vacate Dismissal.  As noted above, bankruptcy courts have "broad discretion in deciding motions for relief under Rule 60(b)," and "relief under Rule 60(b) is extraordinary in nature."  In re Rodriguez Gonzalez, 396 B.R. at 802.  The Debtor has not demonstrated that he was entitled to such extraordinary relief or that the bankruptcy court abused its discretion in denying the Motion for Reconsideration.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** all three bankruptcy court orders.

---

[12]  As the Debtor filed the Motion for Reconsideration more than 14 days after the entry of the Order Denying Stay Violation Motion, it could only be treated as a motion under Rule 60(b).  See In re Asociación de Titulares, 581 B.R. at 355.